■ In the Matter of the Claim of Frank Trotta, as Administrator of the Estate of Michael Trotta, Deceased, Appellant, v. Ward Baking Company et al., Respondents. Workmen's Compensation Board, Respondent.— Claimant, administrator of the decedent's estate, appeals from a denial of compensation benefits. The decedent, during his lifetime, had filed a claim based on the same accident which was disallowed for failure to prove causally related disability. In this death claim, the board found " that claimant's disability was due to a pre-existing brain abscess which was in no way causally related to or aggravated by the minor head injury of July 13, 1953 * * * that death on December 29, 1958 was due to a progression of the brain disease and was not causally related to the accident of July 13, 1953 ". The decedent, during employment, struck his head on the edge of a steel locker door, causing an abrasion about one-half inch long. Several days later he was removed to the Kings County Hospital where an operation was performed to remove a brain abscess and subsequently transferred to a State hospital where he died on December 29, 1958. There was a conflict of medical testimony as to whether the accident caused or in any way affected the brain abscess and, in our opinion, there was substantial evidence to sustain the board's findings of no causal relationship. Claimant contends that the testimony of Drs. Freedman and Rosenberg was not substantial evidence to support the findings of no causal relation because they allegedly violated section 13-d (subd. 2, par. [c]) of the Workmen's Compensation Law which provides that the chairman of the board shall remove from the list of authorized physicians those who fail to transmit copies of medical reports to claimant's attorney or licensed representative as provided in subdivision (e) of section 13; or those who fail to submit full and truthful medical reports of all their findings to the employer, and directly to the chairman of the board within the limits provided in subdivision (4) of section 13-a, with certain exceptions. These doctors, who had previously attended the decedent, reviewed the file of the decedent and sent reports to the carrier, neglecting to send copies to the claimant's attorney and the board. These reports were not known to the claimant until some six years later. While the procedure is somewhat unusual, and there is little excuse offered for failure to comply with the section, the violation, if there was one, goes only to the credibility of the witness and, as we have said on numerous occasions, the question of credibility is one for the sole determination of the board. It should also be noted that there was additional independent medical testimony, aside from these doctors, which, if believed, was sufficient to sustain the findings of the board. (*Matter of Elbaum* v. *J & J Interior Decorators*, 2 A D 2d 922.) It is further contended that the testimony of Drs. Freedman and Rosenberg was inadmissible because of a violation of privilege pursuant to subdivision (a) of section 4504 of the Civil

Practice Law and Rules, formerly sections 352 (in part) and 354 (in part) of the Civil Practice Act. In *Matter of Maryland Cas. Co. (City of New York)* (274 App. Div. 211), the court said at page 214 with reference to the statutory privilege provided by these sections: "The physician-patient privilege, assuming it to apply, is waived when a claim for compensation is not alone filed but is prosecuted by one competent to do so; for the valid prosecution of such a claim necessarily involves the giving of testimony on behalf of the claimant, with respect to the injuries alleged to have been caused by the accident. The privilege is deemed to have been waived as soon as evidence in his behalf is given of the claimant's injuries". A review of the record convinces us that the rights of the claimant were not prejudiced and there is substantial evidence to sustain the finding of the board. Decision affirmed, without costs. Herlihy, J. P., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.