■ JARED H. FEGGANS, Appellant, v RELIANCE INSURANCE COMPANY OF NEW YORK, Respondent. — In an action for a declaratory judgment, *inter alia,* in effect adjudicating that certain alterations made by plaintiff to motor vehicle no-fault benefits application forms were valid, plaintiff appeals from a judgment of the Supreme Court, Queens County (Dunkin, J.), dated August 22, 1983, which declared that the alterations were invalid as violative of the regulations of the Department of Insurance and inconsistent with the requirements of the Insurance Law. ¶ Judgment affirmed, with costs. ¶ On July 31, 1982, plaintiff, while driving an automobile owned by him and insured by defendant, was involved in an automobile accident. On August 2, 1982, plaintiff applied to defendant for no-fault insurance benefits using a form prescribed by the Department of Insurance (11 NYCRR Appendix 13-A). The prescribed form contains the following provisions:

"AUTHORIZATION FOR RELEASE OF WORK
AND OTHER LOSS INFORMATION

"THIS AUTHORIZATION OR PHOTOCOPY THEREOF, WILL AUTHORIZE YOU TO FURNISH ALL INFORMATION YOU MAY HAVE REGARDING MY WAGES, SALARY OR OTHER LOSS WHILE EMPLOYED BY YOU. YOU ARE AUTHORIZED TO PROVIDE THIS INFORMATION IN ACCORDANCE WITH THE NEW YORK COMPREHENSIVE AUTOMOBILE INSURANCE REPARATIONS ACT (NO-FAULT LAW)
"

| NAME (PRINT OR TYPE) | SOCIAL SECURITY NO. |
| --- | --- |
| " | |

| SIGNATURE | DATE |
| --- | --- |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"DO NOT DETACH

"AUTHORIZATION FOR RELEASE OF HEALTH SERVICE
OR TREATMENT INFORMATION

"THIS AUTHORIZATION OR PHOTOCOPY THEREOF, WILL AUTHORIZE YOU TO FURNISH ALL INFORMATION YOU MAY HAVE REGARDING MY CONDITION WHILE UNDER YOUR OBSERVATION OR TREATMENT, INCLUDING THE HISTORY OBTAINED, X-RAYS AND PHYSICAL FINDINGS, DIAGNOSIS AND PROGNOSIS. YOU ARE AUTHORIZED TO PROVIDE THIS INFORMATION IN ACCORDANCE WITH THE NEW YORK COMPREHENSIVE AUTOMOBILE INSURANCE REPARATIONS ACT (NO-FAULT LAW).
"

| NAME (PRINT OR TYPE) |
| --- |
| " |

| SIGNATURE | DATE |
| --- | --- |

"(IF THE APPLICANT IS A MINOR, PARENT OR GUARDIAN SHALL SIGN AND INDICATE CAPACITY AND RELATIONSHIP)".

Plaintiff signed these authorizations, but added restrictive clauses authorizing the release of the relevant information "only to my attorney, Stanley S. Hausen". ¶ After defendant refused to pay benefits unless plaintiff signed the authorizations as set forth in the prescribed form, plaintiff commenced this declaratory judgment action. ¶ Special Term held that plaintiff's alterations of the form not only violated the regulations promulgated by the Superintendent of the Department of Insurance, but also made "meaningful verification of no fault claims impossible". We affirm. ¶ The relevant authorizations are contained in the "Application for Motor Vehicle No-Fault Benefits (NYS Form N-F 2)" which is prescribed for use by all no-fault insurers (11 NYCRR 65.15 [c]

[ii]). The insurer may require that the claimant use this form (11 NYCRR 65.15 [d] [5]). Judicial review of these regulations is limited. If the regulations are valid exercises of the superintendent's power (Insurance Law, § 21), and do not conflict with any statute, they will be upheld unless they are irrational or unreasonable (*State Farm Mut. Auto Ins. Cos. v Brooks,* 78 AD2d 456, mot to dismiss app granted 54 NY2d 753). ¶ Plaintiff claims that the subject authorizations violate the physician-patient privilege (CPLR 4504). However, by making a claim for no-fault benefits, plaintiff has placed his physical condition in issue and has thereby waived the privilege (cf. *Koump v Smith,* 25 NY2d 287; *Matter of Trotta v Ward Baking Co.,* 21 AD2d 701). Plaintiff argues that there was no voluntary waiver here since he is an allegedly "unwilling captive of the No-Fault system". We find this argument unpersuasive since plaintiff was, of course, free to refrain from asserting his no-fault claim. ¶ In "Circular Letter No. 6" issued by the Superintendent of Insurance Thomas A. Harnett on February 27, 1976, the superintendent concluded that the procedure plaintiff wishes to employ here, whereby the attorney acts as a conduit for all verification of claims data by the no-fault insurer, had a potential for "delay and abuse" and that insurers could demand the prescribed authorizations as a prerequisite to payment of no-fault benefits. ¶ Although plaintiff argues that an attorney's review of the relevant information is needed because of the carelessness of those who provide it, this consideration does not so outweigh the countervailing considerations (i.e., prevention of fraud and delay), as to render irrational the superintendent's action. ¶ Plaintiff's other arguments have been considered and we find them to be entirely without merit. Gibbons, J. P., Bracken, Weinstein and Lawrence, JJ., concur.