■ In the Matter of LILIAN WELCH, Petitioner, v BERNARD M. WEINSTEIN, as Commissioner of Hospitals of the County of Westchester, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of respondent Bernard M. Weinstein, the Westchester County Commissioner of Hospitals, dated December 2, 1983, which, after a hearing, sustained disciplinary charges proffered against petitioner and terminated her employment.

Determination confirmed and proceeding dismissed on the merits, without costs or disbursements.

The determination that petitioner was guilty of misconduct and incompetence as a result of an incident of patient abuse at a nursing home is supported by substantial evidence (see, e.g., *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176). As was noted by the hearing officer, patient abuse is among the most serious acts of misconduct which can be committed by an employee of a skilled nursing facility and demonstrates unfitness to hold a position involving care of the elderly. Therefore, the penalty imposed (termination of employment), is not so disproportionate to the offense as to be shocking to one's sense of fairness (see, *Matter of Pell v Board of Educ.,* 34 NY2d 222). As Commissioner of Hospitals, respondent Weinstein is charged with the nondelegable duty of maintaining order and discipline at the facilities under his control and his determination in matters of internal discipline is bounded only by reason. Thus, the mere fact that the hearing officer recommended a less severe penalty is not binding upon him (see, e.g., *Matter of Simpson v Wolansky,* 38 NY2d 391). Bracken, J. P., Weinstein, Kunzeman and Kooper, JJ., concur.