■ In the Matter of DENIS DILLON, Petitioner, v JOSEPH C. CALABRESE, as Justice of the Supreme Court of the State of New York, et al., Respondents. [638 NYS2d 676] —Proceeding pursuant to CPLR article 78 in the nature of prohibition to enjoin the respondents from enforcing an order of the County Court, Nassau County (Calabrese, J.), entered May 22, 1995, which, *inter alia,* declared a Grand Jury subpoena without force or ef-

fect and dismissed as academic Richard Tynan's motion to quash the subpoena.

Adjudged that the petition is granted, without costs or disbursements, the order is vacated, and Richard Tynan's motion to quash is denied.

The respondent Thomas Morris is a Nassau County Police Officer. In 1994, he filed a claim for accidental disability retirement. Morris claimed that he slipped and fell while on duty and was permanently disabled due to, *inter alia,* a herniated neck disc. Morris denied any relevant prior medical history.

Subsequent to the filing of Morris's claim, information came to light that in a 1989 automobile accident he had sustained injuries to the same areas that he asserted were injured in the slip and fall. As a result of this information, a Grand Jury subpoena was served on Dr. Richard Tynan, a doctor of chiropractic medicine. Dr. Tynan had allegedly treated Morris for the injuries he had sustained in the 1989 accident. Dr. Tynan, however, moved to quash the subpoena, arguing that his testimony and Morris' medical records were protected by doctor-patient privilege.

By order entered May 22, 1995, the County Court dismissed Tynan's motion to quash as academic. The County Court held that because, on the date the subpoena was issued, a Grand Jury had not been impaneled to investigate Morris and had not directed the District Attorney to subpoena Dr. Tynan, the subpoena was null and void.

The District Attorney commenced this proceeding for a writ of prohibition preventing the respondents from enforcing the order.

The District Attorney submitted unrebutted evidence that a Grand Jury had, in fact, been impaneled on the date the subpoena was issued for the purpose of investigating, *inter alia,* various alleged violations of the law and of the Nassau County Administrative Code by public officials and employees. The County Court's holding that the subpoena was null and void because it was not issued at the express direction of a Grand Jury impaneled to investigate the specific charges against Morris misconstrues both the scope of the investigatory power of the Grand Jury and the prosecutor's role therein (*see, Virag v Hynes,* 54 NY2d 437; *People v Stern,* 3 NY2d 658; CPL 190.50 [2]; 190.55 [2] [c]). In so holding, the court impermissibly circumscribed and intruded into the Grand Jury's jurisdiction (*see, Matter of Kuriansky v Seewald,* 148 AD2d 238). Accordingly, the extraordinary remedy of prohibition is warranted (*see, Matter of Kuriansky v Seewald, supra*).

The subpoena should not be quashed. Any applicable doctor-patient privilege was waived when, *inter alia,* Morris filed and pursued his disability claim (*see, Matter of Trotta v Ward Baking Co.,* 21 AD2d 701; *cf., Koump v Smith,* 25 NY2d 287). Moreover, the waiver Morris executed in connection with his disability claim was sufficiently broad to encompass the information sought in the subpoena (*see, Henry v Lewis,* 102 AD2d 430). Balletta, J. P., Ritter, Altman and Hart, JJ., concur.