■ In the Matter of JAMES L. FURCH, Appellant-Respondent, v RICHARD A. BUCCI, as Mayor and Commissioner of Public Safety of the City of Binghamton, et al., Respondents-Appellants. [666 NYS2d 300] —Crew III, J. Cross appeals from a judgment of the Supreme Court (Rose, J.), entered July 19, 1996 in Broome County, which, *inter alia*, partially dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioner's request for supplemental wage benefits under General Municipal Law § 207-a.

On August 4, 1994 petitioner, a firefighter for the City of Binghamton in Broome County, filed an application for benefits under General Municipal Law § 207-a alleging that he suffered from arteriosclerosis brought on by job-related factors, culminating in an acute myocardial infarction that purportedly occurred on June 29, 1994 while petitioner was unfurling a flag at the station house. On or about February 8, 1995, respondent Mayor and Commissioner of Public Safety of Binghamton denied petitioner's application, finding that the injuries alleged did not occur in the performance of his duties as a firefighter. Petitioner then commenced a proceeding pursuant to CPLR article 78 seeking, *inter alia*, restoration to the City payroll as a disabled firefighter. It appears that Supreme Court granted respondents' subsequent motion to dismiss holding, *inter alia*, that petitioner had failed to exhaust his administrative remedies.

Petitioner thereafter requested a hearing and respondent David W. Watkins, the Director of Personnel and Safety for the City, was assigned to act as the Hearing Officer. A subsequent attempt by petitioner to disqualify Watkins proved unsuccessful and a hearing to determine petitioner's eligibility for benefits pursuant to General Municipal Law § 207-a was held on various dates between August 1995 and October 1995, with testimony being received from petitioner and certain medical experts.* After considering the proof adduced at the hearing, the Hearing Officer denied petitioner's application, finding that the weight of the medical evidence established that petitioner's myocardial infarction and underlying arteriosclerosis were not caused by the performance of his duties as a firefighter.

Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 seeking to annul the underlying determination. Supreme Court denied the petition, except to the extent of transferring the matter to this Court for review of the substantial evidence question presented, finding, *inter alia*, that petitioner had received due process and, further, that the binding effect of the decision rendered in the workers' compensation proceeding did not preclude respondents from denying petitioner's application for benefits pursuant to General Municipal Law § 207-a. These appeals by the parties ensued.

Initially, we reject petitioner's assertion that he was denied due process at the administrative hearing. The record as a whole establishes that petitioner, having been given a meaningful opportunity to present evidence on his behalf and cross-examine opposing witnesses, received a fair hearing. Moreover, contrary to petitioner's contentions, there is no indication that the Hearing Officer was biased or that he considered evidence outside the record in rendering his decision.

Similarly unpersuasive is petitioner's assertion that the Hearing Officer erred in failing to preclude the testimony offered by two of petitioner's treating physicians based upon their alleged violation of the doctor-patient privilege. By filing his application for benefits under General Municipal Law § 207-a and contending that his diagnosed arteriosclerosis and myocardial infarction were job related, petitioner affirmatively placed his medical condition in issue and effectively waived the

---

* In the interim, on or about August 7, 1995, a Workers' Compensation Law Judge (hereinafter WCLJ) issued a memorandum decision finding, *inter alia*, that petitioner's myocardial infarction was causally related to his employment. According to the WCLJ, however, no finding of compensability could be made with respect to the asserted arteriosclerotic heart disease without resort to "excessive speculation".

asserted privilege (*see generally*, *Matter of Dillon v Calabrese*, 224 AD2d 615, 617; *cf.*, *Koump v Smith*, 25 NY2d 287, 294).

The balance of petitioner's appeal and the crux of respondents' cross appeal concerns the effect of the decision rendered with respect to petitioner's workers' compensation claim. In this regard, petitioner contends that having found that such determination was binding on respondents with respect to the issue of whether petitioner's myocardial infarction was causally related to his employment, Supreme Court erred in failing to annul the underlying determination, at least to the extent of finding that petitioner was entitled to benefits under General Municipal Law § 207-a for whatever period of time he was "disabled" as the result of the myocardial infarction. Respondents, on the other hand, argue that they should not be bound by such decision and, in any event, the record as a whole nonetheless supports the denial of petitioner's application for benefits pursuant to General Municipal Law § 207-a, as the nature of petitioner's disability, if any, stems from his underlying arteriosclerosis and not the myocardial infarction.

In our view, Supreme Court correctly concluded that respondents, having had a full and fair opportunity to litigate the issue of whether petitioner's myocardial infarction was causally related to his employment as a firefighter (*compare*, *Matter of Kane v City of Binghamton*, 62 AD2d 1122), indeed are bound by the workers' compensation decision in this regard (*see generally*, *Matter of Delahunt v City of Oswego*, 222 AD2d 1078, *lv denied* 88 NY2d 801; *Matter of Fedorczak v Dolce*, 202 AD2d 668). Our resolution of this issue, however, does not definitively determine the extent to which respondents ultimately are obligated to provide benefits under General Municipal Law § 207-a.

It appears from the record that petitioner is seeking benefits pursuant to General Municipal Law § 207-a for both his myocardial infarction and his underlying arteriosclerosis. Assuming that expert medical testimony could establish a discrete period of disability arising solely from petitioner's myocardial infarction, we agree, in light of the binding nature of the workers' compensation decision, that respondents indeed would be obligated to accord petitioner benefits pursuant to General Municipal Law § 207-a for that period of time. As the Hearing Officer made no express findings in this regard and generally did not distinguish between petitioner's diagnosed arteriosclerosis and his myocardial infarction—a potentially separate and distinct event—we must remit this matter to respondents for resolution of the very issue raised by petitioner on appeal—

namely, his entitlement to benefits for whatever period of disability may be attributable solely to his myocardial infarction.

With respect to petitioner's underlying arteriosclerosis, however, the record as a whole contains substantial evidence to support the Hearing Officer's finding that such disease is not related to petitioner's duties as a firefighter. Even accepting that the testimony offered by petitioner's expert is sufficient to support his claim that his arteriosclerosis was caused by, *inter alia*, job-related stress, the record contains conflicting medical proof on this issue and it is within the exclusive province of the Hearing Officer to evaluate such evidence (*see, Matter of Longendyke v Regan*, 195 AD2d 695, 696).

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the decision is withheld, and matter remitted to respondents for further proceedings not inconsistent with this Court's decision.

