In the Matter of FREDERICK D. WILEY, Respondent, v JERRY C. HILLER, as City Manager of City of Watertown, et al., Appellants. [716 NYS2d 226] —Judgment unanimously vacated, determination confirmed without costs and petition dismissed. Memorandum: Supreme Court erred in annulling respondent City Manager's determination to terminate petitioner's General Municipal Law § 207-a benefits on the ground that respondents should have commenced an action in Supreme

Court to terminate such benefits. "While the General Municipal Law does not provide an administrative framework for making disability determinations, courts have long recognized the appropriateness of administrative hearings for that purpose" (*Matter of Giorgio v Bucci*, 267 AD2d 924). Rather, the court should have transferred the proceeding to this Court pursuant to CPLR 7804 (g).

We conclude that the City Manager's decision is supported by substantial evidence in the record as a whole, despite the existence of evidence to support a contrary result (*see generally, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 179-180). The City Manager's determination was properly based upon petitioner's submissions to the United States Coast Guard, including the statement of petitioner that he was operating a boat "for hire" while he was receiving benefits. The existence of "other evidence (even the greater weight of the evidence) supporting an opposing determination merely created a credibility issue for the [City Manager's] determination in the exercise of [his] exclusive fact-finding authority" (*Matter of Eisner*, 252 AD2d 847, 848, *appeal dismissed* 92 NY2d 946; *see, Matter of Westney*, 262 AD2d 894, 896).

Because the court determined that respondents must commence a civil action, it did not address petitioner's remaining contentions. We conclude, however, that those contentions lack merit. Petitioner contends that he was denied due process at the administrative hearing. We disagree. Petitioner had "a meaningful opportunity to present evidence on his behalf and cross-examine opposing witnesses" (*Matter of Furch v Bucci*, 245 AD2d 749, 750, *lv dismissed* 91 NY2d 953). Petitioner further contends that General Municipal Law § 207-a (6) does not apply to a retired firefighter. Petitioner continued to receive General Municipal Law § 207-a benefits in addition to his disability retirement benefits, however, and General Municipal Law § 207-a (6) applies to "[a]ny fireman receiving payments or benefits pursuant to [section 207-a]." (Appeal from Judgment of Supreme Court, Jefferson County, Gilbert, J.—CPLR art 78.) Present—Pigott, Jr., P. J., Green, Hurlbutt, Scudder and Balio, JJ.