■ In the Matter of Emes Heating & Plumbing Contractors, Inc., Petitioner, v James J. McGowen, as Commissioner of Labor of the State of New York, Respondent. [719 NYS2d 342]

—Cardona, P. J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Labor Law §§ 220 and 220-b) to review a determination of respondent which, *inter alia,* found that petitioner willfully. failed to pay prevailing wages and supplements.

In August 1996 petitioner, a construction company, entered into a public works contract with the Town of Clarkstown, Rockland County, to construct a new road drainage system on the Christian Herald Road Project. Petitioner and Rolf Greibesland, the owner of 4R Construction, had originally submitted a proposal to the Town seeking to conduct the project as a joint venture, but the Town insisted that petitioner's corporate officer, Julius Behrend, be the sole signatory to the contract. Consistent with that request, Behrend wrote to the Town asserting that Greibesland would only be a subcontractor while petitioner would "be responsible for supervisor[y] and financial obligations" with respect to the project.*

Thereafter, in January 1997, prior to completion of the project, the Department of Labor received a complaint that petitioner was paying project employees less than the wages and supplements specified in the Labor Law's prevailing wage schedule. The Department initiated an investigation and formally requested that petitioner provide documentation of the hours worked by the employees and the wages paid to them. Petitioner failed to provide any payroll records and the Department thereafter conducted an audit in an attempt to compile the missing information using wage claim forms and time logs maintained by a project employee and the Town Engineer. The audit concluded that several project employees had been underpaid wages and supplements.

In September 1999, following a five-day hearing, the Hearing Officer issued a report to respondent concluding that petitioner and Greibesland "were partners or acted as a joint venture" and were aware of the prevailing wage schedule but willfully failed to pay prevailing wages and supplements to project employees in violation of Labor Law § 220 (3). Respondent confirmed and adopted the report "in all respects" and ordered petitioner to pay $37,751.81, the additional wages that certain

---

* Nevertheless, Behrend and Greibesland acted throughout the course of the project pursuant to their earlier oral agreement to obtain and perform the contract similar to a "joint venture." Their agreement called for petitioner to finance the project while Greibesland supervised personnel and completed the actual work. All profits were to be split equally. Although Behrend claimed he assigned the contract to Greibesland, this claim was disputed by Greibesland and assignment was prohibited under the contract without the Town's approval.

of its employees were entitled to receive pursuant to the prevailing wage schedule, plus 16% interest from the date the wages were due. Respondent also determined that petitioner's failure to abide by the prevailing wage schedule was willful and assessed a 25% civil penalty. This CPLR article 78 proceeding by petitioner ensued.

Initially, we reject petitioner's contention that various procedural errors by the Hearing Officer deprived it of a fair hearing and violated its due process rights. Contrary to petitioner's argument, the Hearing Officer did not act arbitrarily and capriciously in setting a closing date for the hearing after allowing three more days than originally scheduled. In our view, the Hearing Officer reasonably regulated the course and duration of the hearing (see, State Administrative Procedure Act § 304 [4]) and petitioner, concluding its case within the time scheduled, has failed to identify any witnesses or evidence that it was precluded from presenting. Inasmuch as the record as a whole demonstrates that petitioner had a meaningful opportunity to offer evidence on its behalf and cross-examine witnesses (see, Matter of Furch v Bucci, 245 AD2d 749, 750, lv dismissed 91 NY2d 953), we decline to disturb the determination on this ground.

We are also unpersuaded by petitioner's argument that the admission on the last day of the hearing of copies of certain time logs maintained by one of the project employees was so prejudicial as to deprive it of its due process rights. Respondent's counsel explained at the hearing that he received the information the night before and only planned to use it to rebut Behrend's testimony and corroborate the findings of the audit. Notably, the investigator's review of employee documents was necessary because petitioner failed to maintain the statutorily mandated payroll records. Thus, it was permissible to calculate the amount of unpaid wages using "the best available evidence" (Matter of Mid Hudson Pam Corp. v Hartnett, 156 AD2d 818, 821). Under the circumstances, petitioner failed to negate "the reasonableness of [respondent's] calculations" (id., at 821; see, Matter of RSI Roofing v Hartnett, 177 AD2d 885, 886).

Next, we find no merit to petitioner's argument that the Hearing Officer erroneously determined that Ron Filera, the project supervisor who, with approval by Greibesland, recruited the workers found to have been underpaid, was not an independent contractor. Not only was Filera hired by Greibesland, but he was paid an hourly wage for his work (cf., Matter of LBS of Frankfort v Hudacs, 185 AD2d 476), did not hold himself out as an independent contractor and did not have his

own insurance. Given this proof and the hearing testimony of Filera and Greibesland, petitioner, as prime contractor, was properly found to be responsible for Filera's noncompliance with the Labor Law (*see, Matter of Konski Engrs. v Commissioner of Labor of State of N. Y.*, 229 AD2d 950, *lv denied* 89 NY2d 802).

Turning to petitioner's remaining arguments, we find that the Hearing Officer and respondent considered all relevant evidence, including the discrepancies in proof, and there is nothing in the record to support petitioner's conclusory claim that respondent "rubber-stamped" the Hearing Officer's report without undertaking appropriate review. While it is true that there is a typographical error as to a date in respondent's order, this error is harmless in that the amount of underpayments determined by respondent and the Hearing Officer accurately reflect the total underpayments computed in the audit. Additionally, there is substantial evidence supporting respondent's conclusion that petitioner willfully violated the Labor Law. The proof established that petitioner had previously worked on numerous public works projects and been cited by the Department in 1985 for failing to post a prevailing wage schedule for one of said projects. Thus, it was reasonable to conclude that petitioner was aware of the prevailing wage schedule when it entered into the contract but did not take steps to ensure that the prevailing wage schedule was followed (*see, Matter of Elia Constr. Corp. v State of New York*, 180 AD2d 881, 882, *lv denied* 80 NY2d 752). Therefore, respondent's determination of willfulness was based upon substantial evidence of a pattern of underpayments that extended over many months in violation of contractual and statutory requirements of which petitioner was aware (*see, id.; see also, Matter of TPK Constr. Corp. v Hudacs*, 205 AD2d 894, 896; *Matter of Nelson's Lamp Lighters v Hudacs*, 204 AD2d 814, 815).

All other arguments advanced by petitioner, including its claim of prejudicial delay on the part of the Department in investigating the matter, have been examined and, to the extent that they have been preserved for review, found to be without merit.

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.