■ In the Matter of GARY PIGNATO, Petitioner, v CITY OF ROCHESTER et al., Respondents. [732 NYS2d 302] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination terminating him from his position as a police officer based on two instances of misconduct. Petitioner contends that the determination was made in violation of lawful procedure (*see,* CPLR 7803 [3]), i.e., that outside influences improperly impacted the determination and that respondent Robert S. Warshaw, who was then Chief of Police for respondent City of Rochester Police Department, terminated petitioner based upon his race. Petitioner further contends that the determination is not supported by substantial evidence.

As a preliminary matter, we reject respondents' contention that Supreme Court erred in granting the request of petitioner for disclosure to support his contention pursuant to CPLR 7803

(3). Disclosure was available only by leave of court pursuant to CPLR 408, and we conclude that the court did not abuse its discretion in allowing petitioner limited disclosure (*see, Matter of Grossman v McMahon*, 261 AD2d 54, 57; *Matter of Town of Pleasant Val. v New York State Bd. of Real Prop. Servs.*, 253 AD2d 8, 15-16).

The court did not abuse its discretion in granting respondents' motion for a protective order prohibiting petitioner from taking additional depositions after Warshaw, the Mayor of Rochester, and a Deputy Police Chief had been deposed. The depositions that were held revealed no racial motivation for petitioner's termination, and there was no indication that further depositions would reveal any new information.

Contrary to petitioner's contention, Warshaw did not violate Civil Service Law § 75 (2) by issuing his determination without reading the transcript from the disciplinary hearing. Pursuant to that section, Warshaw delegated to a Hearing Officer the authority to conduct a hearing on the disciplinary charges (*see,* Civil Service Law § 75 [2]). At the conclusion of that hearing, the hearing transcript as well as the Hearing Officer's recommendations were properly forwarded to Warshaw for his review and decision (*see,* Civil Service Law § 75 [2]). Warshaw thus "had the opportunity to make an 'informed' decision * * * and, in the absence of a 'clear' revelation that [he] 'made no independent appraisal and reached no independent conclusion,' [his determination] will not be disturbed" (*Matter of Taub v Pirnie*, 3 NY2d 188, 195; *see, Matter of Motell v Napolitano*, 186 AD2d 989, 990; *cf., Weekes v O'Connell*, 304 NY 259, 265-266). The record fails to support petitioner's contention that Warshaw improperly relied on matters outside the record to support his determination. The evidence in the record, including Warshaw's deposition, indicates that Warshaw limited his determination to the hearing evidence (*see, Matter of Smith v Board of Educ.*, 221 AD2d 755, 757-758, *lv denied* 87 NY2d 810).

Warshaw's determination that petitioner violated departmental rules and regulations based upon the two instances of misconduct is supported by substantial evidence (*see generally, 300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 181-182). Finally, the penalty is not shocking to one's sense of fairness (*see, Matter of Kelly v Safir*, 96 NY2d 32, 38, *rearg denied* 96 NY2d 854; *see also, Matter of Harp v New York City Police Dept.*, 96 NY2d 892). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Monroe County, Bergin, J.) Present—Pigott, Jr., P. J., Hayes, Wisner, Kehoe and Burns, JJ.