■ In the Matter of MARIO CORREIA, Petitioner, v CITY OF ROCHESTER et al., Respondents. [749 NYS2d 449] —CPLR article 78 proceeding transferred to this Court by an order of Supreme Court, Monroe County (Frazee, J.), entered February 6, 2002, seeking to annul a disciplinary determination.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner, a police officer with respondent Rochester Police Department, commenced this CPLR article 78 proceeding seeking to annul the determination that he violated two Rochester Police Department Rules and Regulations when he intentionally struck a civilian with a flashlight and then denied having done so in a subsequent report and statement. Based on those violations, petitioner was suspended from his employment for 60 days without pay and was permanently removed from an emergency task force. Contrary to petitioner's contention, the determination is supported by substantial evidence (*see e.g. Matter of Pignato v City of Rochester*, 288 AD2d 825, 826, *appeal dismissed* 97 NY2d 725, *lv denied* 98 NY2d 604; *see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181-182), although the evidence supporting the determination is entirely circumstantial (*see Matter of Motell v Napolitano*, 186 AD2d 989, 990; *New York State Labor Relations Bd. v Shattuck Co.*, 260 App Div 315, 325; *see also Matter of S & R Lake Lounge v New York State Liq. Auth.*, 87 NY2d 206, 209-210; *Matter of Hassane [Sweeney]*, 241 AD2d 730). The opposing evidence presented by petitioner merely created a credibility issue for the Hearing Officer to

resolve in the exercise of his exclusive fact-finding authority (*see Matter of Wiley v Hiller*, 277 AD2d 1024, 1025, *appeal dismissed* 96 NY2d 852; *see also Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444). Thus, we conclude that there is a rational basis in the record to support both the Hearing Officer's findings sustaining the charges and the determination of respondent Chief of Police adopting those findings (*see Motell*, 186 AD2d at 990). Finally, the penalty imposed is not shocking to one's sense of fairness (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 234-235; *see also Matter of Kelly v Safir*, 96 NY2d 32, 38, *rearg denied* 96 NY2d 854). Present—Wisner, J.P., Hurlbutt, Scudder, Gorski and Lawton, JJ.