■ In the Matter of ALICE JORDAN, Petitioner, v ELANE M. DALY, R.N., B.S.N., as Director of Cayuga County Health and Human Services Department, et al., Respondents. [754 NYS2d 806] —CPLR article 78 proceeding transferred to this Court by an order of Supreme Court, Cayuga County (Corning, J.), entered February 19, 2002, seeking to annul the determination following a hearing.

It is hereby ordered that the determination be and the same hereby is unanimously modified on the law and the petition is granted in part by annulling the determination that petitioner made a false statement and as modified the determination is confirmed without costs.

Memorandum: Petitioner, a Support Collection Investigator for the Support Collection Unit of the Cayuga County Health and Human Services Department (Department), commenced this CPLR article 78 proceeding seeking to annul the determination finding her guilty of 15 charges and specifications alleging incompetence or misconduct in the performance of her duties and terminating her employment. The Hearing Officer had found petitioner guilty of only 14 of those charges and specifications and, although indicating that termination would not be unreasonable, recommended that she be suspended from her employment for 60 days without pay. Respondent Elane M. Daly, R.N., B.S.N., Director of the Department, found petitioner guilty of the additional charge upon reviewing the Hearing Officer's findings of fact and recommendations, and terminated petitioner from her employment. Daly specifically noted, however, that her decision to terminate petitioner from her employment was in no way affected by the fact that she had

found petitioner guilty of the additional charge. We note at the outset that, contrary to respondents' contention, petitioner was not required to file a notice of claim under County Law § 52 before commencing this proceeding pursuant to CPLR article 78 (*see* Civil Service Law § 76 [1]; *cf. Matter of Phaler v Hicks,* 71 AD2d 820). Contrary to petitioner's contention, however, the determination is supported by substantial evidence, with the exception of the additional charge sustained by Daly (*see generally Matter of Berenhaus v Ward,* 70 NY2d 436, 443; *Matter of Stork Rest. v Boland,* 282 NY 256, 273-274). With respect to that charge, we conclude that there is no rational basis in the record to support Daly's determination that petitioner made a false statement (*see generally Matter of Correia v City of Rochester,* 299 AD2d 854 [2002]), and we therefore modify the determination and grant the petition in part by annulling the determination that petitioner made a false statement. With respect to the remaining charges and specifications, the evidence presented by petitioner merely created a credibility issue for the Hearing Officer to resolve in the exercise of his exclusive fact-finding authority (*see Matter of Wiley v Hiller,* 277 AD2d 1024, 1025, *appeal dismissed* 96 NY2d 852), and we conclude that there is a rational basis in the record to support the determination with respect to those charges and specifications (*see Correia,* 299 AD2d 854). Finally, in view of the fact that Daly specified that the penalty imposed was in no way affected by the additional finding of guilt annulled herein, there is no need to vacate the penalty and remit the matter to her for the imposition of an appropriate penalty (*cf. Matter of Whitt v Goord,* 259 AD2d 1045, 1046). The penalty is not otherwise shocking to one's sense of fairness (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222, 234-235; *see also Matter of Kelly v Safir,* 96 NY2d 32, 38, *rearg denied* 96 NY2d 854). Present—Pigott, Jr., P.J., Pine, Wisner, Kehoe and Gorski, JJ.