In the Matter of PHILIP BUSTOS, Petitioner, v CITY OF ROCHESTER et al., Respondents. [804 NYS2d 227]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [Thomas A. Stander, J.], entered April 11, 2005) to annul the determination of respondents. Respondents terminated petitioner's employment with the Rochester Police Department.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner, a former police officer with respon-

dent Rochester Police Department, commenced this CPLR article 78 proceeding seeking to annul the determination terminating his employment after he was found guilty of misconduct. According to petitioner, the penalty of termination is shocking to one's sense of fairness, particularly in view of the fact that the Hearing Officer recommended only a 60-day suspension. We reject that contention. Following the hearing on the charges, the Hearing Officer found, inter alia, that petitioner documented false information on a police report regarding cash seized from a suspect's vehicle incident to an arrest. In addition, the Hearing Officer found that, during a locker search, five dime bags of cocaine were discovered in the pocket of petitioner's winter service coat located in petitioner's locker. Moreover, when the charges at issue herein arose, petitioner and his partner were the subject of an undercover integrity operation run by the New York State Police. In light of the severity of the charges sustained herein and in view of the fact that petitioner previously pleaded guilty to making a false report, we conclude that the penalty imposed is not shocking to one's sense of fairness (*see Matter of Alfieri v Murphy*, 38 NY2d 976 [1976]; *see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 234-235 [1974]; *Matter of Jordan v Daly*, 302 AD2d 862, 863 [2003]). Finally, to the extent that petitioner contends that the charges sustained are not supported by substantial evidence, we conclude that his contention is lacking in merit (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181-182 [1978]). Present—Green, J.P., Gorski, Smith, Lawton and Hayes, JJ.