In the Matter of GREGORY P. BARHITE, Petitioner, v VILLAGE OF MEDINA, Respondent. [804 NYS2d 526]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Orleans County [James P. Punch, A.J.], entered March 22, 2005) to review a determination of respondent. The determination found petitioner guilty of various charges and specifications of misconduct and incompetence and terminated petitioner's employment with respondent.

It is hereby ordered that the determination be and the same hereby is unanimously modified on the law and the petition is granted in part by annulling that part of the determination finding petitioner guilty of misconduct and incompetence under Charge VI and as modified the determination is confirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding challenging the determination finding him guilty of various charges and specifications of misconduct and incompetence and terminating his employment as respondent's Fire Chief. Petitioner contends that the findings of misconduct and incompetence rendered following a hearing are not supported by substantial evidence, i.e., "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]; *see People ex rel. Vega v*

*Smith*, 66 NY2d 130, 139 [1985]). Where the agency bases its determination upon an inference drawn from the evidence, the "determination is regarded as being supported by substantial evidence when the proof is 'so substantial that from it an inference of the existence of the fact found may be drawn reasonably' " (*300 Gramatan Ave. Assoc.*, 45 NY2d at 179; *see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d 179, 187 [1998]). "It is the responsibility of the administrative agency to weigh the evidence and choose among competing inferences therefrom and, so long as the inference drawn and the ultimate determination made are supported by substantial evidence, it is not for the court to substitute its judgment for that of the administrative agency" (*Matter of Shorts Bar of Rochester Inc. v New York State Liq. Auth.*, 17 AD3d 1101, 1102 [2005]). Issues of witness credibility are likewise for the administrative agency to resolve in the exercise of its exclusive fact-finding authority (*see Matter of Correia v City of Rochester*, 299 AD2d 854, 854-855 [2002]; *Matter of Wiley v Hiller*, 277 AD2d 1024, 1025 [2000], *appeal dismissed* 96 NY2d 852 [2001]; *see also Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]).

Applying the foregoing standards, we conclude that the findings of misconduct and incompetence are supported by substantial evidence and must be sustained with the exception of the finding that petitioner is guilty of misconduct and incompetence under Charge VI and its sole remaining specification. There is no evidence in the record tending to show that petitioner failed to respond to "major fires" in violation of the mayoral directive issued on July 24, 2003. We therefore modify the determination accordingly.

Contrary to petitioner's remaining contention, we conclude that the penalty of termination, when considered in light of all of the circumstances of this case, including petitioner's long service but also the number and nature of the charges sustained, is not so disproportionate to the offenses as to be shocking to one's sense of fairness (*see Matter of Scahill v Greece Cent. School Dist.*, 2 NY3d 754, 756 [2004]; *Matter of Winters v Board of Educ. of Lakeland Cent. School Dist.*, 99 NY2d 549, 550 [2002]; *Matter of Kelly v Safir*, 96 NY2d 32, 39-40 [2001], *rearg denied* 96 NY2d 854 [2001]; *see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 234-235 [1974]). Present—Kehoe, J.P., Martoche, Pine, Lawton and Hayes, JJ.