■ In the Matter of NOREEN MONAHAN, Petitioner, v DELAWARE-CHENANGO-MADISON-OTSEGO BOARD OF COOPERATIVE EDUCATIONAL SERVICES, Respondent. [811 NYS2d 231]—

Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chenango County) to review a determination of respondent which found petitioner guilty of misconduct and terminated her employment.

In this transferred CPLR article 78 proceeding, petitioner challenges respondent's termination of her employment as an audiovisual/computer repairperson, a determination which we find sufficiently complied with the provisions of Civil Service Law § 75 and therefore will be confirmed. Specifically, after petitioner was served with a detailed list of charges and specifi-

cations which included, among other charges, tardiness and numerous instances of incompetence, a hearing officer was appointed who heard sworn testimony over two days from nine witnesses (including petitioner) and reviewed 36 exhibits. At the hearing, petitioner was ably represented by counsel. Several months after the last day of testimony, and after the parties were given an opportunity to submit posthearing memoranda, the hearing officer issued a 15-page report detailing his findings of guilt on most of the proffered charges. He made a specific finding that petitioner's incompetence had "a profound negative and disruptive effect" on respondent's operation and recommended that she be terminated.

Among the grounds raised by petitioner in the instant proceeding is her allegation that respondent failed to adequately review the record prior to making its decision to adopt the hearing officer's recommendation (*see* Civil Service Law § 75 [2]). We disagree. Affidavits filed in opposition to the petition reveal that the hearing officer's entire report, as well as portions of the hearing transcript, were reviewed by respondent's members prior to its vote. "[I]n the absence of a 'clear' revelation that [respondent] 'made no independent appraisal and reached no independent conclusion', its decision will not be disturbed" (*Matter of Taub v Pirnie,* 3 NY2d 188, 195 [1957] [citation omitted]; *accord Matter of Pignato v City of Rochester,* 288 AD2d 825, 826 [2001], *appeal dismissed* 97 NY2d 725 [2002], *lv denied* 98 NY2d 604 [2002]). Here, we are satisfied that an independent conclusion was reached.

Petitioner's remaining contentions have been considered and found to be without merit, including her argument that the determination was not supported by substantial evidence and that the penalty imposed was disproportionate in light of her many years of service (*see Matter of Phillips v Le Page,* 4 AD3d 704, 705 [2004]; *Matter of Bottari v Saratoga Springs City School Dist.,* 3 AD3d 832, 833 [2004]).

Cardona, P.J., Spain, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.