■ In the Matter of THOMAS CHIARELLY, Petitioner, v WATERTOWN CITY SCHOOL DISTRICT BOARD OF EDUCATION et al., Respondents. [828 NYS2d 733]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Jefferson County [Joseph D. McGuire, J.], entered May 11, 2006) to review a determination of respondent Watertown City School District Board of Education. The determination, after a hearing, terminated petitioner's employment.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: In this CPLR article 78 proceeding, petitioner challenges the determination of respondent Watertown City School District Board of Education (Board) terminating him from his position as a cleaner at the Watertown High School. We reject the contention of petitioner that the Board's decision to terminate him was arbitrary and capricious for failure to set forth the factual reasons for termination. The Board was entitled to rely on and adopt the findings of fact and recommendations of the Hearing Officer who conducted petitioner's hearing pursuant to Civil Service Law § 75 (*see Matter of Massaria v Betschen*, 290 AD2d 602, 604 [2002]), and, as evidenced by the affidavit of Deltra Willis, the Board's president, the Board did so. In the absence of any evidence from petitioner that the Board made no independent appraisal of the evidence and reached no independent conclusion, we decline to disturb the Board's determination (*see Matter of Pignato v City of Rochester*, 288 AD2d 825, 826 [2001], *appeal dismissed* 97 NY2d 725 [2002], *lv denied* 98 NY2d 604 [2002]; *see also Matter of Monahan v Delaware-Chenango-Madison-Otsego Bd. of Coop. Educ. Servs.*, 27 AD3d 995, 996 [2006]). We reject petitioner's further contention that the Hearing Officer's findings of fact and recommendations are not based on substantial evidence (*see Matter of Barhite v Village of Medina*, 23 AD3d 1114, 1115 [2005]; *see also 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179 [1978]). Finally, the penalty of termination is not so disproportionate to the offenses as to be shocking to one's sense of fairness (*see Matter of Waldren v*

*Town of Islip*, 6 NY3d 735, 736-737 [2005]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]). Present—Hurlbutt, A.P.J., Martoche, Centra and Pine, JJ.