■ In the Matter of THOMAS HARRIS, Petitioner, v BOARD OF EDUCATION, UNION SPRINGS CENTRAL SCHOOL DISTRICT, et al., Respondents. [900 NYS2d 816]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Cayuga County [Thomas G. Leone, A.J.], entered February 18, 2009) to annul a determination of respondent Board of Education, Union Springs Central School District. The determination, inter alia, terminated the employment of petitioner.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination dismissing him from his employment as a school bus driver. We note at the outset that, prior to transferring the proceeding to this Court pursuant to CPLR 7804 (g), Supreme Court determined that the notice of claim served on petitioner's behalf by the union representing employees of respondent School District complied with Education Law § 3813. "Because resolution of [that] issue . . . would not have terminate[d] the proceeding within the meaning of CPLR 7804 (g) . . . , Supreme Court erred in deciding [it]. The matter now being before us, however, we may decide the issue de novo" (*Matter of Pieczonka v Jewett*, 273 AD2d 842, 842 [2000] [internal quotation marks omitted]; *see Matter of Farabell v Town of Macedon*, 62 AD3d 1246 [2009]), and we conclude that the notice of claim properly complied with

Education Law § 3813 (*see* § 3813 [2]; *Matter of Figueroa v City of New York*, 279 App Div 771 [1951]). "The prime, if not the sole, objective of the notice requirements of such a statute is to assure the [respondents] an adequate opportunity to investigate . . . and to explore the merits of the claim while information is still readily available" (*Teresta v City of New York*, 304 NY 440, 443 [1952]; *see Goodwin v New York City Hous. Auth.*, 42 AD3d 63, 68 [2007]), and the notice of claim served by the union satisfied that objective.

Nevertheless, we confirm the determination and dismiss the petition. Contrary to the contention of petitioner, the determination finding him guilty of three charges of misconduct or incompetence is supported by substantial evidence (*see generally Matter of Chiarelly v Watertown City School Dist. Bd. of Educ.*, 34 AD3d 1219 [2006]). Also contrary to petitioner's contention, respondent Board of Education was not bound by the Hearing Officer's recommendation in determining the appropriate penalty (*see Matter of Welch v Weinstein*, 114 AD2d 463 [1985]), and we conclude that the penalty of dismissal is not "so disproportionate to the offense as to be shocking to one's sense of fairness" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 237 [1974]). Present—Scudder, P.J., Martoche, Lindley, Green and Gorski, JJ.