■ In the Matter of FREDERICK W. SARKIS, II, Petitioner, v MONROE COUNTY DEPARTMENT OF HUMAN SERVICES et al., Respondents. [19 NYS3d 454]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [Renee Forgensi Minarik, A.J.], entered Apr. 23, 2015) to review a determination of respondents. The determination sustained an indicated report of maltreatment.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding to review a determination made after a fair hearing that, inter alia, denied his request to amend an indicated report of maltreatment with respect to his daughter to an unfounded report, and to seal it (*see* Social Services Law § 422 [8] [a] [v]; [c] [ii]). At the outset, we note that, although the petition raised an issue of substantial evidence, petitioner has not raised that issue in his brief, and we therefore deem the issue abandoned (*see Matter of Alvarez v Fischer*, 94 AD3d 1404, 1405 [2012]).

Contrary to petitioner's contention, "it was not 'improper for the fact-finding determination to be made by a person who did not preside at the . . . hearing' . . . [,] and petitioner was not deprived of due process thereby" (*Matter of Pluta v New York State Off. of Children & Family Servs.*, 17 AD3d 1126, 1127 [2005], *lv denied* 5 NY3d 715 [2005]; *see Matter of Seemangal v New York State Off. of Children & Family Servs.*, 49 AD3d 460, 460-461 [2008]; *Matter of Theresa G. v Johnson*, 26 AD3d 726, 727 [2006]).

Petitioner further contends that he was denied due process because the Administrative Law Judge presiding over the hearing improperly limited his ability to present evidence and cross-

examine witnesses. We reject that contention. The record establishes that "[p]etitioner had 'a meaningful opportunity to present evidence on his behalf and cross-examine opposing witnesses'" (*Matter of Wiley v Hiller*, 277 AD2d 1024, 1025 [2000]; *see Matter of Emes Heating & Plumbing Contrs. v McGowen*, 279 AD2d 819, 821 [2001]). Present—Centra, J.P., Peradotto, Lindley, Valentino and Whalen, JJ.