# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1181**
**TP 15-00707**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF FREDERICK W. SARKIS, II,
PETITIONER,

V                                                     MEMORANDUM AND ORDER

MONROE COUNTY DEPARTMENT OF HUMAN SERVICES,
DEPARTMENT OF LAW, CHILDREN'S SERVICES UNIT
AND NEW YORK STATE CENTRAL REGISTER OF CHILD
ABUSE AND MALTREATMENT, RESPONDENTS.

---

KRISTINA KARLE, ROCHESTER, FOR PETITIONER.

MERIDETH H. SMITH, COUNTY ATTORNEY, ROCHESTER (PETER A. ESSLEY OF
COUNSEL), FOR RESPONDENT MONROE COUNTY DEPARTMENT OF HUMAN SERVICES,
DEPARTMENT OF LAW, CHILDREN'S SERVICES UNIT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ALLYSON B. LEVINE),
FOR RESPONDENT NEW YORK STATE CENTRAL REGISTER OF CHILD
ABUSE AND MALTREATMENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [Renee Forgensi Minarik, A.J.], entered April 23, 2015 to review a determination of respondents. The determination sustained an indicated report of maltreatment.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding to review a determination made after a fair hearing that, inter alia, denied his request to amend an indicated report of maltreatment with respect to his daughter to an unfounded report, and to seal it (*see* Social Services Law § 422 [8] [a] [v]; [c] [ii]). At the outset, we note that, although the petition raised an issue of substantial evidence, petitioner has not raised that issue in his brief, and we therefore deem the issue abandoned (*see Matter of Alvarez v Fischer*, 94 AD3d 1404, 1405).

Contrary to petitioner's contention, "it was not 'improper for the fact-finding determination to be made by a person who did not preside at the . . . hearing' . . . [,] and petitioner was not deprived of due process thereby" (*Matter of Pluta v New York State*

*Off. of Children & Family Servs.*, 17 AD3d 1126, 1127, *lv denied* 5 NY3d 715; *see Matter of Seemangal v New York State Off. of Children & Family Servs.*, 49 AD3d 460, 460-461; *Matter of Theresa G. v Johnson*, 26 AD3d 726, 727).

Petitioner further contends that he was denied due process because the Administrative Law Judge presiding over the hearing improperly limited his ability to present evidence and cross-examine witnesses.  We reject that contention.  The record establishes that "[p]etitioner had 'a meaningful opportunity to present evidence on his behalf and cross-examine opposing witnesses' " (*Matter of Wiley v Hiller*, 277 AD2d 1024, 1025; *see Matter of Emes Heating & Plumbing Contrs. v McGowen*, 279 AD2d 819, 821).

Entered:  November 20, 2015                    Frances E. Cafarell
                                              Clerk of the Court