Matter of Broadwell v Ontario County (2025 NY Slip Op 02507)

Matter of Broadwell v Ontario County

2025 NY Slip Op 02507

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, GREENWOOD, NOWAK, AND HANNAH, JJ.

371 TP 24-01831

[*1]IN THE MATTER OF ADAM BROADWELL, PETITIONER,
v
ONTARIO COUNTY AND ONTARIO COUNTY SHERIFF DAVID CIRENCIONE, RESPONDENTS. 

TREVETT CRISTO P.C., ROCHESTER (DANIEL P. DEBOLT OF COUNSEL), FOR PETITIONER. 
HOLLY A. ADAMS, COUNTY ATTORNEY, CANANDAIGUA (LEA T. NACCA OF COUNSEL), FOR RESPONDENTS. 

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Ontario County [Craig J. Doran, J.], entered September 11, 2024) to review a determination of respondent Ontario County Sheriff David Cirencione. The determination suspended petitioner for 30 days without pay. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul a determination of respondent Ontario County Sheriff David Cirencione, made after a hearing conducted pursuant to Civil Service Law § 75, finding him guilty of four disciplinary charges and imposing as a penalty a 30-day unpaid suspension from his employment as a correction officer in the Sheriff's Office of respondent Ontario County. "It is well established that substantial evidence is generally the applicable evidentiary standard for disciplinary matters involving public employees under Civil Service Law § 75" (Matter of Marentette v City of Canandaigua, 159 AD3d 1410, 1411 [4th Dept 2018], lv denied 31 NY3d 912 [2018]). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]; see Matter of Lundy v City of Oswego, 59 AD3d 954, 955 [4th Dept 2009]). "[T]he substantial evidence standard is a minimal standard . . . and demands only that a given inference is reasonable and plausible" (Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1045-1046 [2018] [internal quotation marks and citations omitted]).
Contrary to petitioner's contention, the determination finding him guilty of all four disciplinary charges is supported by substantial evidence including, inter alia, the testimony of a fellow officer who observed petitioner use a mechanical device to eavesdrop on the deliberations of a jury that the officers had been assigned to guard. Although petitioner challenges the Sheriff's determination to credit the testimony of the fellow officer and not petitioner, we note that "[i]ssues of witness credibility are . . . for the administrative agency to resolve in the exercise of its exclusive fact-finding authority" (Matter of Barhite v Village of Medina, 23 AD3d 1114, 1115 [4th Dept 2005]).
We reject petitioner's further contention that the penalty imposed constituted an abuse of discretion. It is well settled that "a penalty must be upheld unless it is 'so disproportionate to the offense as to be shocking to one's sense of fairness,' thus constituting an abuse of discretion as a matter of law" (Matter of Kelly v Safir, 96 NY2d 32, 38 [2001], rearg denied 96 NY2d 854 [2001], quoting Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 237 [1974]). In light of the " [*2]'higher standard of fitness and character [that] pertains to [law enforcement] officers' " (Matter of Bassett v Fenton, 68 AD3d 1385, 1387-1388 [3d Dept 2009]), coupled with the fact that the substantiated misconduct involved petitioner's duties pertaining to jury service (see generally People v Rivera, 15 NY3d 207, 212 [2010]), we conclude that the penalty imposed does not shock one's sense of fairness (see Matter of Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO v New York State Unified Ct. Sys., 138 AD3d 1444, 1445-1446 [4th Dept 2016]).
We have reviewed petitioner's remaining contentions and conclude that none warrants modification or annulment of the determination.
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court