██ In the Matter of FORT WILLIAM HENRY CORPORATION, Petitioner, v STATE OF NEW YORK, DEPARTMENT OF HEALTH, Respondent. [597 NYS2d 226] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Warren County) to review a determination of respondent which found petitioner guilty of violating certain provisions of the State Sanitary Code.

Petitioner is a corporation which owns a motor inn in the Town of Lake George, Warren County. Based on an inspection which took place on May 30, 1991, petitioner was charged with and ultimately found guilty of violating four separate provisions of the State Sanitary Code. In its petition, however, petitioner only claims that substantial evidence is lacking to support respondent's conclusion with respect to those provisions of the Sanitary Code dealing with the use of a thermometer in the preparation of certain types of food (see, 10 NYCRR 7-1.20, 14-1.85).

Pursuant to 10 NYCRR 14-1.85, certain types of thermometers are "to be provided and used to determine that proper internal cooking * * * temperatures * * * are obtained and maintained" (emphasis supplied). On the date in question, the kitchen staff was preparing chicken divan for a banquet to be held that evening. Testimony reveals that while Michael Shpunt, a senior sanitarian, was inspecting petitioner's premises, no thermometer was available to check the chicken's temperature. Roberta Ellis, petitioner's breakfast and banquet manager, testified, however, that she had recently purchased six thermometers and that one was in the kitchen at the time of the inspection. Ellis also explained that at the time Shpunt made his inspection, the chicken was not yet at the stage of its preparation where its temperature needed to be tested. Shpunt stated, however, that when he asked people who were involved in the preparation of the meal about the thermometer, they indicated that they were not using one and did not even know where one could be found. To the extent that the testimony was conflicting, this merely presented a question of credibility for the Hearing Officer to determine (see, Matter of

*Berenhaus v Ward,* 70 NY2d 436, 443-444; *Matter of Collins v Codd,* 38 NY2d 269, 270-271). Under the circumstances, we find substantial evidence in the record to support respondent's determination that petitioner violated 10 NYCRR 7-1.20 and 14-1.85 *(see, Matter of 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180; *Matter of City of Utica, Bd. of Water Supply v New York State Health Dept.,* 96 AD2d 719).

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.