■ In the Matter of MARYANNE FRYE, Petitioner, v GREGORY M. KALADJIAN, as Acting Commissioner of the New York State Department of Social Services, Respondent. [617 NYS2d 1003] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Schenectady County) to review a determination of respondent revoking petitioner's certificate as a group family day care provider.

At all times relevant hereto, petitioner was licensed by the State Department of Social Services (hereinafter DSS) to provide group family day care for a maximum of 10 children at a time. During January 1992, two unannounced inspections of petitioner's residence were conducted. As a result of these inspections, DSS charged petitioner with numerous regulatory violations including, *inter alia,* exceeding the maximum capacity permitted under the regulations *(see,* 18 NYCRR 416.1 [f] [1], [3]), failing to have an assistant present during the hours care is provided *(see,* 18 NYCRR 416.1 [f]) and failing to make required records available to DSS inspectors *(see,* 18 NYCRR 416.4 [a] [8]). At the conclusion of the administrative hearing that followed, the Administrative Law Judge (hereinafter ALJ) designated by respondent to hear this matter sustained several of the specifications charged and revoked petitioner's permit to provide group family day care. Petitioner thereafter commenced this CPLR article 78 proceeding, which was transferred to this Court pursuant to CPLR 7804 (g), to annul that determination.

Petitioner, as so limited by her brief, contends that there is insufficient evidence to support the findings made with respect to petitioner's (1) failure to provide miscellaneous records to DSS inspectors on January 21, 1992, (2) failure to provide fire drill records and the partial obstruction of two exits, and (3) exceeding authorized capacity on January 6, 1992. We cannot agree. With respect to the charges regarding petitioner's failure to turn over certain records, petitioner concedes that she failed to provide the inspectors with the children's medical records and, as to the remaining items requested, the testimony offered by DSS inspector Deborah Place is sufficient to

support these charges. To the extent that petitioner's testimony conflicted with Place's testimony on this point, this merely presented a credibility issue for the ALJ to resolve *(cf., Matter of Fort William Henry Corp. v State of New York, Dept. of Health,* 192 AD2d 1048). As to that portion of the charges relating to the partial obstruction of two exits, the testimony offered by Place and the photographs of petitioner's residence admitted into evidence provide the substantial evidence necessary to sustain the ALJ's findings in this regard. Finally, as to the charge that petitioner exceeded authorized capacity on January 6, 1992, petitioner admitted that she had been over capacity at certain times during January 1992, and Place testified that there were at least 12, and at one point during her visit 15, children present at petitioner's residence on January 6, 1992.

In short, our review of the record leads us to conclude that the challenged determination is supported by substantial evidence and, as such, it will not be disturbed. Petitioner's remaining arguments, including her assertion that the penalty imposed is shocking to this Court's sense of fairness, have been examined and found to be lacking in merit.

Mercure, J. P., White and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.