■ In the Matter of ANTOINETTE SINDONE-THOMPSON, Petitioner, v NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES BUREAU OF EARLY CHILDHOOD SERVICES, Respondent. [745 NYS2d 312] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of

respondent which revoked petitioner's license to operate a family day care home and denied petitioner's application to provide group family day care.

Petitioner provides children day care services in her home in the Town of Rochester, Ulster County. In November 1999, petitioner was arrested by State Police when she left a child that she was caring for alone in her car while she was in a beauty salon having her hair done. Based on that incident and a number of other violations at her home, petitioner was advised that respondent was revoking her license to operate the day care center and also that her prior application to provide group family day care was denied. Following a hearing, an Administrative Law Judge determined that respondent's revocation of petitioner's license and the denial of her pending application were correct and were therefore affirmed. Petitioner challenges those determinations in this CPLR article 78 proceeding, transferred to this Court because of the existence of a substantial evidence question.

Initially, we reject the contention that respondent's determinations are not supported by substantial evidence. At the hearing, petitioner acknowledged that she left a two-year-old child alone sleeping in her car while she had her hair done. Standing by itself, that acknowledgment established petitioner's violation of 18 NYCRR 417.8 (a) (18 NYCRR former 417.15 [a]), which requires, as applicable to the present facts, that "[t]he provider * * * have direct visual contact with the children at all times," and 18 NYCRR 417.6 (b) (18 NYCRR former 417.17 [b]), which explicitly states that "[a] caregiver * * * must never leave a child unattended in any motor vehicle or other form of transportation." Additional evidence adduced at the administrative hearing, which the Administrative Law Judge credited in the proper exercise of his fact-finding authority, indicated that the child had been left alone in the car for as long as 45 minutes in 20-degree weather, wearing only a jacket and pants, and that petitioner was unable to see the car for at least a portion of that time. We therefore conclude that respondent's conclusions regarding petitioner's conduct were supported by substantial evidence (see, Matter of Frye v Kaladjian, 209 AD2d 787, 788).

Petitioner's contention that she was not provided with sufficient notice of the charges against her is unpreserved for our consideration and found to be lacking in merit in any event. As a final matter, based on the seriousness of the November 1999 incident and petitioner's other numerous violations, we are not persuaded that the penalties imposed are disproportionate to

petitioner's offenses (*see,* Social Services Law § 390 [10]; *Matter of Frye v Kaladjian, supra*; *Matter of Rembert v Perales,* 187 AD2d 784, 786-787).

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.