■ In the Matter of JANICE GRADY, Petitioner, v NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES et al., Respondents. [834 NYS2d 792]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Onondaga County [James P. Murphy, J.], entered September 29, 2006) to annul a determination of respondent New York State Office of Children and Family Services. The determination, inter alia, suspended and revoked petitioner's group family day care license and denied the application of petitioner to renew her license.

It is hereby ordered that the determination be and the same hereby is unanimously modified on the law and the petition is granted in part by vacating the penalty and reinstating petitioner's license and application and as modified the determination is confirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination that she violated several regulations with respect to the operation of her group family day care facility and to vacate the penalty imposed, i.e., the suspension and revocation of her license and the denial of her application to renew her license. As limited by her brief, however, petitioner challenges only the penalty imposed.

Petitioner admitted at the fair hearing that, on January 27, 2006 and April 12, 2006, she exceeded the capacity permitted by her license. It was further established at the fair hearing that the attendance records for January 27, 2006 and April 10, 11, and 12, 2006 were not completed as required by 18 NYCRR 416.15 (c) (5). We agree with petitioner that her violations of the terms of her license with respect to capacity on January 27, 2006 and April 12, 2006 were the result of extenuating circumstances, rendering the penalty imposed "so disproportionate to the offense as to be shocking to one's sense of fairness" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 237 [1974]; *cf. Matter of Sindone-Thompson v New York State Off. of Children & Family Servs. Bur. of Early Childhood Servs.*, 296 AD2d 776, 777-778 [2002]; *Matter of Frye v Kaladjian*, 209 AD2d 787, 788 [1994]).

It is undisputed that petitioner's license provided that "at no time may this provider care for more than: 10 children, ages 6 weeks to 12 years AND 2 additional school-aged children" and that, on January 27, 2006, petitioner was caring for 17 children, five more than permitted by her license. Petitioner testified at the fair hearing that seven children arrived at her home unexpectedly at approximately 12:30 P.M. because of a shortened school day. Petitioner testified that she therefore directed her daughter, who worked as her assistant, to contact the parents of those children to make arrangements to pick them up. Thereafter, petitioner reduced the overall enrollment of her group family day care facility by seven children. It is also undisputed that, on April 12, 2006, petitioner was caring for 13 children, one more than permitted by her license. Petitioner's assistant testified that they had been advised by the child's mother that the child would not be attending the day care facility that week but that the child had been dropped off unexpectedly by his uncle. We note that the decision of respondent Commissioner's designee implies that on both January 27, 2006 and April 12, 2006 petitioner violated the license requirement that there shall be one caregiver for every two children under the age of two years in attendance. The record establishes, however, that on both days the ratio of caregivers to children under age two was appropriate.

Where, as here, there is no "grave moral turpitude" and no "grave injury to the agency involved or to the public weal," courts may "ameliorate harsh impositions of sanctions by administrative agencies . . . in order to accomplish what a sense of justice would dictate" (*Pell*, 34 NY2d at 235; *cf. Matter of*

*Scahill v Greece Cent. School Dist.*, 2 NY3d 754, 756 [2004]; *Matter of Kelly v Safir*, 96 NY2d 32, 39 [2001], *rearg denied* 96 NY2d 854 [2001]). By suspending and revoking petitioner's license and denying the application of petitioner to renew her license, both petitioner and her assistant were deprived of their livelihoods. Furthermore, petitioner had provided day care services in her community for over 10 years, and the lives of the families who relied upon her to care for their children were greatly disrupted, as evidenced by the letters submitted in support of petitioner by seven of those families. We therefore modify the determination and grant the petition in part by vacating the penalty and reinstating petitioner's license and the application of petitioner to renew her license, and we conclude that, under these circumstances, no penalty is warranted. Present—Scudder, P.J., Smith, Centra, Fahey and Pine, JJ.