■ In the Matter of DIWANTIE SEEMANGAL, Petitioner, v NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES et al., Respondents. [854 NYS2d 379]—

Substantial evidence supports respondents' findings that petitioner violated four Department of Social Services regulations covering the management and administration of group family day care homes (18 NYCRR 416.15 [a] [10] [refusal to cooperate and allow access to the home]; 416.8 [c] [2] [use of an unauthorized caregiver]; 416.15 [a] [4] [exceeding authorized capacity]; 416.4 [f] [nonapproved second egress]) and that such violations placed the health, safety and welfare of the children in imminent danger (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179-180 [1978]).

Petitioner's due process rights were not violated by the issu-

ance of the report by a person who did not preside at the hearing. The regulations specifically require that the decision after fair hearing be made by the Commissioner or his or her designee and that it be based "exclusively on the record of the hearing" (18 NYCRR 413.5 [m]; *see Matter of Pluta v New York State Off. of Children & Family Servs.*, 17 AD3d 1126, 1127 [2005], *lv denied* 5 NY3d 715 [2005]).

The determination to revoke petitioner's license does not shock the conscience (*see Matter of Featherstone v Franco*, 95 NY2d 550, 554 [2000]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 232-234 [1974]).

We have considered petitioner's remaining arguments and find them without merit. Concur—Friedman, J.P., Gonzalez, McGuire and Moskowitz, JJ.