■ In the Matter of JANICE ALEXANDER, Petitioner, v NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES et al., Respondents. [854 NYS2d 665]—Proceeding pursuant to CPLR article 78 to review a determination of David Molik, designee of the Commissioner of the New York State Office of Children and Family Services, dated June 21, 2006, which, after a hearing, found that the petitioner violated certain regulations concerning the supervision of children in group family day care homes, and revoked the petitioner's license.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

Contrary to the petitioner's contention, the determination that she violated certain regulations concerning the supervision of children in group family day care homes is supported by substantial evidence in the record (*see Matter of Berenhaus v Ward,* 70 NY2d 436, 443 [1987]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180-181 [1978]; *Matter of Tender Loving Care Day Care, Inc. v New York State Off. of Children & Family Servs.,* 47 AD3d 940, 940-941 [2008]). Furthermore, the penalty of license revocation was neither arbitrary and capricious, nor disproportionate to the misconduct (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222, 234 [1974]; *Matter of Tender Loving Care Day Care, Inc. v New York State Off. of Children & Family Servs.,* 47 AD3d at 941). Skelos, J.P., Covello, Eng and Leventhal, JJ., concur.