■ In the Matter of ROBERTA BAUER, Petitioner, v NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES, BUREAU OF EARLY CHILDHOOD SERVICES, Respondent. [866 NYS2d 626]—

Determination of respondent dated April 3, 2007, after an evidentiary hearing, to suspend and revoke petitioner's license to operate a group family day care home, and to deny her application to renew her license, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Sheila Abdus-Salaam, J.], entered November 26, 2007), dismissed, without costs.

Petitioner's argument that she was denied due process is not preserved for review (*see e.g. Melahn v Hearn*, 60 NY2d 944, 945 [1983]), and we decline to review it. As an alternative holding, we hold that the delay between the 2003 incident in which petitioner allegedly bit a child for whom she was caring and the 2007 license revocation did not violate due process. Petitioner was allowed to continue to operate her day care home after the 2003 incident, and she was not deprived of a protected interest, namely, her right to work, until she received the Bureau of Early Childhood Services' January 26, 2007 letter. She then received an administrative hearing on March 27, 2007 and a de-

termination on or about April 3, 2007. This was within constitutional limits (see *FDIC v Mallen*, 486 US 230, 243 [1988]). Nor is there merit to petitioner's argument that she was deprived of due process because the agency relied on hearsay (see *People ex rel. Vega v Smith*, 66 NY2d 130, 139 [1985]).

Substantial evidence supports respondent's findings that petitioner violated relevant regulations (see e.g. *Matter of Seemangal v New York State Off. of Children & Family Servs.*, 49 AD3d 460 [2008]). Not only was there an "indicated" report that petitioner had bitten a child, but petitioner also employed a person who had been convicted of first-degree sexual abuse of a child. Unlike the old convictions in *Matter of Hollingshed v New York State Off. of Mental Retardation & Dev. Disabilities* (NYLJ, Feb. 22, 2008, at 27, col 1, 2008 NY Misc LEXIS 1173 [2008 Sup Ct, Bronx County, Williams, J.]) and *Boatwright v New York State Off. of Mental Retardation & Dev. Disabilities* (2007 NY Slip Op 30911[U] [2007 Sup Ct, NY County, Goodman, J.]), which were not job-related, a conviction for sexual abuse of a child is relevant to employment at a day care home.

The punishment was not excessive (see *Seemangal*, 49 AD3d at 461). Concur—Lippman, P.J., Andrias, Saxe, Sweeny and DeGrasse, JJ.