■ In the Matter of JEAN OCCHIOGROSSO et al., Petitioners, v NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES et al., Respondents. [898 NYS2d 874]—Proceeding pursuant to CPLR article 78 to review a determination of John Franklin Udochi, as designee of the Commissioner of the New York State Office of Children and Family Services, dated October 16, 2007, which, after a hearing, affirmed a prior determination of the New York State Office of Children and Family Services to suspend and revoke the petitioners' license to operate a group family day care home.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

Upon review of the determination dated October 16, 2007, this Court's jurisdiction to review the evidence adduced at the hearing is limited to determining whether the determination is, "on the entire record, supported by substantial evidence" (CPLR 7803 [4]; see Matter of Bauer v New York State Off. of Children & Family Servs., Bur. of Early Childhood Servs., 55 AD3d 421, 422 [2008]; Matter of Alexander v New York State Off. of Children & Family Servs., 50 AD3d 895 [2008]; Matter of Seemangal v New York State Off. of Children & Family Servs., 49 AD3d 460 [2008]; Matter of Tender Loving Care Day Care, Inc. v New York State Off. of Children & Family Servs., 47 AD3d 940, 940-941 [2008]). Here, the determination under review is supported by substantial evidence in the record (see Matter of Berenhaus v Ward, 70 NY2d 436, 443 [1987]; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179 [1978]; Matter of Ruggiero v McGrane, 64 AD3d 783 [2009]). Further, the penalty imposed was not so disproportionate to the offenses as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law (see Matter of Ruggiero v McGrane, 64 AD3d at 783; cf. Matter of Grady v New York State Off. of Children & Family Servs., 39 AD3d 1157, 1158 [2007]).

The petitioners' demands for pre-hearing disclosure were properly denied (see CPLR 3101 [a] [4]; 18 NYCRR 413.5 [e] [3]; Matter of American Express Prop. Cas. Co. v Vinci, 63 AD3d 1055, 1056 [2009]).

The petitioners' remaining contentions are without merit. Fisher, J.P., Leventhal, Belen and Sgroi, JJ., concur.