◼ ROBIN SIMPSON, Petitioner, v NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES, BUREAU OF EARLY CHILDHOOD SERVICES, Respondent. [941 NYS2d 557]—

Determination of respondent New York State Office of Children and Family Services, dated August 26, 2010, which, after a hearing, revoked petitioner's license to operate a group family day care home, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR Article 78 (transferred to this Court by order of Supreme Court, New York County [Cynthia Kern, J.], entered on or about April 6, 2011), dismissed, without costs.

Substantial evidence supports respondent's findings that petitioner violated relevant regulations regarding the management and administration of group family day care homes, including leaving the children without competent supervision (18 NYCRR 416.8 [a]), exceeding the authorized capacity (18 NYCRR 416.15 [a] [4]), failing to have the requisite number of care givers for the amount of children present (18 NYCRR 416.8 [d] [1]), failing to have the proper number of care givers for each child under the age of two years (18 NYCRR 416.8 [d] [2]); and employing a care giver who did not submit an application to respondent and undergo a criminal background check (18 NYCRR 416.15 [a] [11] [ii]), all of which placed the children's health, safety and welfare in imminent danger (*see Clarke v New York State Off. of Children & Family Servs.*, 91 AD3d 489 [2012]; *Matter of Seemangal v New York State Off. of Children & Family Servs.*, 49 AD3d 460 [2008]).

The determination to revoke petitioner's license does not shock our sense of fairness (*see Matter of Featherstone v Franco*, 95 NY2d 550, 554 [2000]); *cf. Matter of Grady v New York State Off. of Children & Family Servs.*, 39 AD3d 1157, 1158 [2007]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Saxe, J.P., Sweeny, Catterson, Renwick and Manzanet-Daniels, JJ.