■ In the Matter of PATRICIA SIMPSON, Petitioner, v NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES, Respondent. [942 NYS2d 374]—Proceeding pursuant to CPLR article 78 to review a determination of John Franklin Udochi, as designee of the commissioner of the respondent, the New York State Office of Children and Family Services, dated August 2, 2010, which, after a hearing, affirmed a prior determination of the New York State Office of Children and Family Services to suspend and revoke the petitioner's license to operate a group family day care home.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The determination that the petitioner violated relevant regulations concerning the supervision of children in group family day care centers is supported by substantial evidence in the record (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443 [1987]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]; *Matter of Occhiogrosso v New York State Off. of Children & Family Servs.*, 72 AD3d 1092 [2010]; *Matter of Alexander v New York State Off. of Children &*

*Family Servs.*, 50 AD3d 895 [2008]; *Matter of Tender Loving Care Day Care, Inc. v New York State Off. of Children & Family Servs.*, 47 AD3d 940, 940-941 [2008]).

Furthermore, the penalty of license revocation was neither arbitrary and capricious nor so disproportionate to the misconduct so as to shock one's sense of fairness as a matter of law (*see Matter of Ellis v Mahon*, 11 NY3d 754 [2008]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 234 [1974]; *Matter of Alexander v New York State Off. of Children & Family Servs.*, 50 AD3d 895 [2008]; *Matter of Tender Loving Care Day Care, Inc., v New York State Off. of Children & Family Servs.*, 47 AD3d at 941). Skelos, J.P., Dillon, Eng and Austin, JJ., concur.