Egan Jr., J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent revoking petitioner Aida Torres’s license to operate a day-care center and denying her application to renew her license.
Petitioner Tender Learning Care is a child day-care center located in Orange County and, between December 17, 2007 and December 16, 2009, petitioner Aida Torres — the center’s director — was licensed by respondent to provide day-care services for up to 24 preschoolers at that location. In order to renew her license, Torres was required to submit a completed renewal application, including documentation of satisfactory inspections and approvals by respondent, at least 60 days prior to the expiration of her license (see 18 NYCRR 418-1.2 [e] [1], [5]). By her own admission, Torres did not submit her renewal application, which contained some — but not all — of the required paperwork — until November 2009. Following various site inspections, respondent suspended and revoked Torres’s license and denied her application for renewal thereof, citing numerous regulatory violations. An administrative hearing ensued, at the conclusion of which an Administrative Law Judge upheld the underlying revocation/denial. Petitioners thereafter commenced this CPLR article 78 proceeding, subsequently transferred to this Court, to challenge respondent’s determination.
We confirm. Torres was cited for failing to maintain a building temperature of at least 68 degrees Fahrenheit while the children were present (see 18 NYCRR 418-1.3 [b]), caring for school-age children despite being licensed to care only for preschoolers (see 18 NYCRR 418-1.15 [a] [4]), allowing a young child to sit on an employee’s lap in the passenger seat of a moving motor vehicle (see 18 NYCRR 418-1.6 [d]; see also Vehicle and Traffic Law § 1229-c [2]), failing to have qualified staff on site at all times (see 18 NYCRR 418-1.13 [d]) and failing to maintain an adequate ratio of staff to children (see 18 NYCRR 418-1.8 [e]). In this regard, Torres admitted that she allowed the children to remain in the building despite a problem with the heating system — a violation documented by two of respondent’s employees — and conceded that a young child indeed rode upon an employee’s lap during a trip to the local library — an event witnessed by one of respondent’s caseworkers. Torres also *1256 admitted that she cared for school-age children from time to time — despite being aware that she was not licensed to do so— and, further, that she was absent from the center on six particular occasions, during which time there was no other employee at the center who was qualified to discharge her administrative responsibilities. Moreover, respondent’s caseworker testified that, during one of her site visits, she discovered one staff member caring for 14 children of various ages in violation of the relevant regulation. Such proof, in our view, constitutes substantial evidence to support respondent’s determination (see Matter of Sindone-Thompson v New York State Off. of Children & Family Servs. Bur. of Early Childhood Servs., 296 AD2d 776, 777 [2002]; Matter of Frye v Kaladjian, 209 AD2d 787, 787-788 [1994]; see also Matter of Occhiogrosso v New York State Off. of Children & Family Servs., 72 AD3d 1092 [2010], lv denied 16 NY3d 703 [2011]). Torres’s attempt to rationalize or minimize her conduct* is unpersuasive, as is her assertion that the penalty of revocation was “so disproportionate to the offenses as to be shocking to one’s sense of fairness” (Matter of Occhiogrosso v New York State Off. of Children & Family Servs., 72 AD3d at 1092; see Matter of Frye v Kaladjian, 209 AD2d at 788). Petitioners’ remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Spain, J.P., Kavanagh, Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

 For example, Torres testified that the children were having too much fun to complain about the heat and that her admitted absences from the facility were for relatively short periods of time.