McCarthy, J.P.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Rensselaer County) to review a determination of respondent which suspended and revoked petitioner’s registration to operate a family day care home.
In 2004, respondent approved petitioner to operate a family *1066 day care home (see Social Services Law § 390). In November 2011, after two children, ages 13 and 11, were inadvertently left unsupervised for approximately 20 to 30 minutes, respondent notified petitioner of its decision to immediately suspend and to revoke her day care registration. Following a hearing, an Administrative Law Judge (hereinafter ALJ) found that petitioner had violated one agency regulation by leaving the children unsupervised (see 18 NYCRR 417.8 [a]), but that the children were never in imminent risk of harm and there was no rational basis to suspend and revoke petitioner’s registration. Respondent’s commissioner designee also found that respondent had proven a violation of 18 NYCRR 417.8 (a), but disagreed with the ALJ regarding the outcome, instead upholding the initial determination to suspend and revoke petitioner’s registration. Petitioner commenced this proceeding to challenge the commissioner designee’s determination.
Substantial evidence supports the determination that petitioner violated an agency regulation, but not that anyone’s safety or welfare was in imminent danger. Although the parties, ALJ and commissioner designee all dealt with the temporary suspension and revocation together, they are separate determinations with separate standards. A prehearing, temporary suspension must be based on “a finding that the public health, or an individual’s safety or welfare, are in imminent danger” (Social Services Law § 390 [10]). On the other hand, “[a]ny violation of applicable statutes or regulations shall be a basis to deny, limit, suspend, revoke, or terminate a license or registration” (Social Services Law § 390 [10]).
Despite petitioner arranging with the mother of the two subject children for them to be picked up from school by petitioner’s husband — a substitute provider approved by respondent — at the time of early dismissal on the day in question, the children left school and walked to petitioner’s home. Petitioner’s husband did not see the children at school, then was called away because his own daughter had fallen at school. Petitioner received a text message from one of the children, told them to stay where they were, tried to contact her husband and eventually sent a friend to pick the children up and watch them until the husband could retrieve them. Petitioner acknowledged that the two children were left unsupervised on her porch for a period of time.
Petitioner therefore violated the regulation requiring continuous supervision (see 18 NYCRR 417.8 [a]), but the record does *1067 not support a finding that anyone was in imminent danger.* The children were 13 and 11 years old, apparently remained on petitioner’s porch for 20 to 30 minutes in the middle of the day, contacted petitioner by text message and quickly received a response, and were picked up by someone known to them and their mother without incident. Leaving children unsupervised always carries some risk, but the record does not support a finding that these children were placed in imminent danger (see Matter of Anne FF. v New York State Off. of Children & Family Servs., 85 AD3d 1289, 1291 [2011]; compare Matter of Sindone-Thompson v New York State Off. of Children & Family Servs. Bur. of Early Childhood Servs., 296 AD2d 776, 777 [2002]). While the temporary suspension was not supported at the hearing, the determination on that suspension is somewhat academic as the suspension ended at the time that the hearing decision was issued (see Social Services Law § 390 [10]), and that decision also revoked petitioner’s registration.
Although petitioner violated a regulation, the penalty of revocation is too disproportionate to this isolated violation that was the result of extenuating circumstances. An administrative penalty “must be upheld unless it is ‘so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one’s sense of fairness’ ” (Matter of Liguori v Beloten, 76 AD3d 1156, 1157 [2010], lv denied 16 NY3d 702 [2011], quoting Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974]), “thus constituting an abuse of discretion as a matter of law” (Matter of Kelly v Safir, 96 NY2d 32, 38 [2001]). While respondent initially cited petitioner for several violations, both the ALJ and commissioner designee found that petitioner only violated the one regulation by leaving the children unsupervised, and there is no evidence that she had committed any other violations in the previous seven years that she had been registered (compare Matter of Tender Learning Care v State of N.Y. Off. of Children & Family Servs., 96 AD3d 1255, 1255-1256 [2012], lv denied 19 NY3d 814 [2012]; Matter of Frye v Kaladjian, 209 AD2d 787, 787-788 [1994]; Matter of Rembert v Perales, 187 AD2d 784, 786-787 [1992]). Based on the children’s ages and their possession of a cell phone that they used to contact petitioner, the children were not put in danger by this incident, despite the potential danger that existed from children being left unsupervised (see Matter of Anne FF. v New York *1068 State Off. of Children & Family Servs., 85 AD3d at 1291; compare Matter of Sindone-Thompson v New York State Off. of Children & Family Servs. Bur. of Early Childhood Servs., 296 AD2d at 777).
Although the regulation makes clear that it is not appropriate to leave children unsupervised (see 18 NYCRR 417.8 [a]), petitioner did not violate the regulation intentionally, as she had established a plan for the supervision of the children in her absence, and the violation occurred as “the result of extenuating circumstances” (Matter of Grady v New York State Off. of Children & Family Servs., 39 AD3d 1157, 1158 [2007]). Petitioner testified that she arranged with the children’s mother for petitioner’s husband to pick the children up from school at the time of their early dismissal. Despite this arrangement, the record contains a letter from the mother stating that she gave the children permission to walk to petitioner’s house that day. Petitioner’s husband could not be at the school to pick up the children, as arranged, and at the house to meet them at the same time. While petitioner’s husband made reasonable attempts to locate the children, he was called away on an emergency concerning his own child. Petitioner reacted to the situation by immediately replying to the children’s text message, attempting to reach her husband, responding to calls from respondent’s representatives, and contacting her friend to transport the children and watch them until her husband could arrive. The situation was not ideal and the explanation did not absolve petitioner of responsibility for the children being left unsupervised, but this was an isolated incident, not of petitioner’s own making, and she responded quickly to arrange for alternate supervision. Under these circumstances, and considering petitioner’s otherwise unblemished record, revocation was too severe a penalty (see Matter of Grady v New York State Off. of Children & Family Servs., 39 AD3d at 1158; Matter of Diefenthaler v Klein, 27 AD3d 347, 348-349 [2006]; see also Rob Tess Rest. Corp. v New York State Liq. Auth., 49 NY2d 874, 875-876 [1980]). Accordingly, we remit to respondent to impose a less severe penalty (see Rob Tess Rest. Corp. v New York State Liq. Auth., 49 NY2d at 875-876; Matter of James v Hoosick Falls Cent. School Dist., 93 AD3d 1131, 1134 [2012]).
Garry, Rose and Egan Jr., JJ., concur. Adjudged that the determination is modified, on the law, without costs, by annulling so much thereof as (1) upheld the temporary suspension and (2) imposed a penalty of revocation of petitioner’s registration to operate a family day care home; petition granted to that extent and matter remitted to respondent for further proceedings not *1069 inconsistent with this Court’s decision; and, as so modified, confirmed.

 The ALJ specifically found that the children were not in imminent risk of harm. The commissioner designee did not make a specific finding regarding imminent danger.