■ In the Matter of EVETTE LIDDELL, Petitioner, v NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES, Respondent. [984 NYS2d 874]—

Proceeding pursuant to CPLR article 78 to review a determination of John Franklin Udochi, as designee of the Commissioner of the respondent, the New York State Office of Children and Family Services, dated October 24, 2012, which, after a hearing, affirmed a prior determination of the New York State Office of Children and Family Services dated August 7, 2012, to suspend and revoke the petitioner's license to operate a group family day care home.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

In reviewing a determination dated October 24, 2012, confirming a determination of the respondent New York State Office of Children and Family Services to suspend and revoke a license to operate a group family day care home issued to the petitioner, "this Court's jurisdiction to review the evidence adduced at the hearing is limited to determining whether the determination is, 'on the entire record, supported by substantial evidence' " (*Matter of Occhiogrosso v New York State Off. of Children & Family Servs.*, 72 AD3d 1092, 1092 [2010], quoting CPLR 7803 [4]; *see Matter of Bauer v New York State Off. of Children & Family Servs., Bur. of Early Childhood Servs.*, 55 AD3d 421, 422 [2008]; *Matter of Alexander v New York State Off. of Children & Family Servs.*, 50 AD3d 895, 895 [2008]). "Substantial evidence consists of 'such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact' " (*Matter of*

*Wagner v Fiala*, 113 AD3d 694, 695 [2014], quoting *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]). "While substantial evidence consists of more than a mere scintilla of evidence or mere speculation or conjecture, it is less than a preponderance of the evidence" (*Matter of Wagner v Fiala*, 113 AD3d at 695 [internal quotation marks omitted]; *see Matter of Stork Rest. v Boland*, 282 NY 256, 273 [1940]; *Matter of Marshall v Fischer*, 103 AD3d 726 [2013]; *Matter of Miserendino v City of Mount Vernon*, 96 AD3d 946, 947 [2012]).

Here, the determination that the petitioner violated certain regulations is supported by substantial evidence in the record. Further, the penalty imposed was not so disproportionate to the offenses as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law (*see Matter of Simpson v New York State Off. of Children & Family Servs.*, 94 AD3d 1008, 1009 [2012]; *Matter of Occhiogrosso v New York State Off. of Children & Family Servs.*, 72 AD3d at 1092; *Matter of Singleton v New York State Off. of Children & Family Servs.*, 70 AD3d 706, 707 [2010]; *Matter of Alexander v New York State Off. of Children & Family Servs.*, 50 AD3d at 895; *Matter of Tender Loving Care Day Care, Inc. v New York State Off. of Children & Family Servs.*, 47 AD3d 940, 941 [2008]).

The petitioner's remaining contentions are without merit. Balkin, J.P., Dickerson, Leventhal and Roman, JJ., concur.