# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

663

TP 16-00052

PRESENT: WHALEN, P.J., SMITH, CENTRA, PERADOTTO, AND CARNI, JJ.

---

IN THE MATTER OF ANGELA BRIGGS, PETITIONER,

V                                                    MEMORANDUM AND ORDER

NEW YORK STATE OFFICE OF CHILDREN AND FAMILY
SERVICES, RESPONDENT.

---

CREIGHTON, JOHNSEN & GIROUX, BUFFALO (JONATHAN G. JOHNSEN OF COUNSEL),
FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ANDREW B. AYERS OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [John J. Ark, J.], entered December 8, 2015) to review a determination of respondent. The determination revoked petitioner's family daycare registration.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul respondent's determination revoking her registration to operate a family daycare home. Substantial evidence supports the determination that petitioner violated regulations requiring her to provide adequate supervision to the children in her care and prohibiting her from separating a child from the other children for a period that was longer than necessary (*see generally Matter of Liddell v New York State Off. of Children & Family Servs.*, 117 AD3d 742, 742-743; *Matter of Gates of Goodness & Mercy v Johnson*, 49 AD3d 1295, 1295). The evidence at the fair hearing established that petitioner isolated a six-year-old child outside the home in an area where she could not be supervised for an extended period of time.

We reject petitioner's further contention that the penalty is so disproportionate to the offense as to be shocking to one's sense of fairness. Contrary to her contention, petitioner was not confronted by unanticipated circumstances, not of her own making, to which she responded appropriately (*cf. Matter of Lewis v New York State Off. of Children & Family Servs.*, 114 AD3d 1065, 1066-1068; *Matter of Grady v New York State Off. of Children & Family Servs.*, 39 AD3d 1157, 1158-1159). Rather, petitioner created the circumstances that exposed the

child to a significant risk of harm, and the revocation of her registration is not disproportionate to the offense (*see Matter of Sindone-Thompson v New York State Off. of Children & Family Servs. Bur. of Early Childhood Servs.*, 296 AD2d 776, 777-778).