# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

333
TP 16-01392
PRESENT: WHALEN, P.J., SMITH, CARNI, LINDLEY, AND NEMOYER, JJ.

---

IN THE MATTER OF TARA DIXON FUNDERGURG,
PETITIONER,

V                                                    MEMORANDUM AND ORDER

NEW YORK STATE OFFICE OF CHILDREN AND FAMILY
SERVICES, RESPONDENT.

---

CREIGHTON, JOHNSON & GIROUX, BUFFALO (CANDACE L. MORRISON OF COUNSEL),
FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (PATRICK A. WOODS OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Deborah A. Chimes, J.], entered August 9, 2016) to review a determination of respondent. The determination revoked petitioner's registration to operate a family daycare center.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul respondent's determination revoking her registration to operate a family daycare center. We note at the outset that petitioner challenges only the penalty and does not raise a substantial evidence issue, and thus Supreme Court erred in transferring the proceeding to this Court (*see Matter of Lynch v New York State Dept. of Motor Vehs. Appeals Bd.*, 125 AD3d 1326, 1326). Nevertheless, in the interest of judicial economy, we address the merits of petitioner's challenge (*see id.*).

An administrative penalty will be upheld "unless it is 'so disproportionate to the offense as to be shocking to one's sense of fairness,' thus constituting an abuse of discretion as a matter of law" (*Matter of Kelly v Safir*, 96 NY2d 32, 38, *rearg denied* 96 NY2d 854). That is not the case here. The evidence at the fair hearing established, inter alia, that petitioner transported herself and 12 children from a church where they were having lunch back to her daycare in a seven-passenger minivan. In addition, of the four children under the age of four in petitioner's care, only one was secured in a child safety seat, in violation of Vehicle and Traffic

Law § 1229-c (1) (a) and 18 NYCRR 416.6 (f).

Contrary to petitioner's contention, there were no mitigating circumstances that would render the penalty shocking to one's sense of fairness. "[P]etitioner was not confronted by unanticipated circumstances, not of her own making, to which she responded appropriately" (*Matter of Briggs v New York State Off. of Children & Family Servs.*, 142 AD3d 1284, 1285; *cf. Matter of Lewis v New York State Off. of Children & Family Servs*., 114 AD3d 1065, 1067-1068; *Matter of Grady v New York State Off. of Children & Family Servs.*, 39 AD3d 1157, 1158-1159). Rather, as petitioner admitted at the hearing, while there were safe alternatives available, she chose a course of action that presented a "huge safety hazard" for the children in her care. Under the circumstances, revocation of petitioner's registration is not disproportionate to the offense (*see Briggs*, 142 AD3d at 1285).

Entered: March 24, 2017                                    Frances E. Cafarell
                                                           Clerk of the Court