*1668 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Deborah A. Chimes, J.], entered Aug. 9, 2016) to review a determination of respondent. The determination revoked petitioner’s registration to operate a family daycare center.
It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul respondent’s determination revoking her registration to operate a family daycare center. We note at the outset that petitioner challenges only the penalty and does not raise a substantial evidence issue, and thus Supreme Court erred in transferring the proceeding to this Court (see Matter of Lynch v New York State Dept. of Motor Vehs. Appeals Bd., 125 AD3d 1326, 1326 [2015]). Nevertheless, in the interest of judicial economy, we address the merits of petitioner’s challenge (see id.).
An administrative penalty will be upheld “unless it is ‘so disproportionate to the offense as to be shocking to one’s sense of fairness,’ thus constituting an abuse of discretion as a matter of law” (Matter of Kelly v Safir, 96 NY2d 32, 38 [2001], rearg denied 96 NY2d 854 [2001]). That is not the case here. The evidence at the fair hearing established, inter alia, that petitioner transported herself and 12 children from a church where they were having lunch back to her daycare in a seven-passenger minivan. In addition, of the four children under the age of four in petitioner’s care, only one was secured in a child safety seat, in violation of Vehicle and Traffic Law § 1229-c (1) (a) and 18 NYCRR 416.6 (f).
Contrary to petitioner’s contention, there were no mitigating circumstances that would render the penalty shocking to one’s sense of fairness. “[P]etitioner was not confronted by unanticipated circumstances, not of her own making, to which she responded appropriately” (Matter of Briggs v New York State Off. of Children & Family Servs., 142 AD3d 1284, 1285 [2016]; cf. Matter of Lewis v New York State Off. of Children & Family Servs., 114 AD3d 1065, 1067-1068 [2014]; Matter of Grady v New York State Off. of Children & Family Servs., 39 AD3d 1157, 1158-1159 [2007]). Rather, as petitioner admitted at the hearing, while there were safe alternatives available, she chose a course of action that presented a “huge safety hazard” for the children in her care. Under the circumstances, revocation of *1669 petitioner’s registration is not disproportionate to the offense (see Briggs, 142 AD3d at 1285).
Present — Whalen, P.J., Smith, Carni, Lindley and NeMoyer, JJ.