Matter of Zarzar v New York State Off. of Children & Family Servs. (2019 NY Slip Op 06779)





Matter of Zarzar v New York State Off. of Children & Family Servs.


2019 NY Slip Op 06779


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-05786
 (Index No. 348/17)

[*1]In the Matter of Hannah Zarzar, petitioner,
v
New York State Office of Children and Family Services, et al., respondents.


Hannah Zarzar, Brooklyn, NY, petitioner pro se.
Letitia James, Attorney General, New York, NY (Steven C. Wu and David Lawrence III of counsel), for respondents.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the designee of the respondent Commissioner of the New York State Office of Children and Family Services dated September 26, 2016, which, after a hearing, affirmed a prior determination of the New York State Office of Children and Family Services dated March 25, 2016, revoking the petitioner's license to operate a group family day care home.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner commenced this proceeding pursuant to CPLR article 78 seeking review of a determination of the designee of the Commissioner of the New York State Office of Children and Family Services (hereinafter OCFS), which affirmed a prior determination of OCFS, after a hearing, revoking the petitioner's license to operate a group family day care home.
"In a proceeding of this nature, this Court must determine whether the determination is, on the entire record, supported by substantial evidence" (Matter of Faponnle v New York State Off. of Children & Family Servs., 160 AD3d 950, 951; see CPLR 7803[4]; Matter of Occhiogrosso v New York State Off. of Children & Family Servs., 72 AD3d 1092, 1092; Matter of Bauer v New York State Off. of Children & Family Servs., 55 AD3d 421, 422). Here, the determination that the petitioner committed the nine violations with which she was charged is supported by substantial evidence in the record (see Matter of Liddell v New York State Off. of Children and Family Servs., 117 AD3d 742, 743; Matter of Simpson v New York State Off. of Children & Family Servs., 94 AD3d 1008, 1008; Matter of Occhiogrosso v New York State Off. of Children & Family Servs., 72 AD3d at 1092).
Further, the penalty imposed did not constitute an abuse of discretion (see Matter of Faponnle v New York State Off. of Children & Family Servs., 160 AD3d at 951; Matter of Malak v State of New York, 116 AD3d 587, 588; Matter of Simpson v New York State Off. of Children & Family Servs., 94 AD3d at 1009).
CHAMBERS, J.P., MALTESE, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court