Matter of Gray v LaFountain (2021 NY Slip Op 02624)





Matter of Gray v LaFountain


2021 NY Slip Op 02624


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, TROUTMAN, AND BANNISTER, JJ.


43 TP 20-01152

[*1]IN THE MATTER OF YVONNE GRAY, PETITIONER,
v
R. ANTHONY LAFOUNTAIN, AS TOWN SUPERVISOR OF TOWN OF PENFIELD, TOWN BOARD OF TOWN OF PENFIELD AND TOWN OF PENFIELD, RESPONDENTS. 






HANCOCK ESTABROOK, LLP, SYRACUSE (JOHN G. POWERS OF COUNSEL), FOR PETITIONER. 
HARRIS BEACH PLLC, PITTSFORD (EDWARD A. TREVVETT OF COUNSEL), FOR RESPONDENTS. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by an order of the Supreme Court, Monroe County [James J. Piampiano, J.], entered July 9, 2020) to review a determination of respondents. The determination, among other things, terminated petitioner's employment with respondent Town of Penfield. 
It is hereby ORDERED that the determination is modified on the law and the petition is granted in part by annulling that part of the determination finding petitioner guilty under charges 1 and 2 and vacating the penalty of termination, and as modified the determination is confirmed without costs and the matter is remitted to respondent Town Board of the Town of Penfield for further proceedings in accordance with the following memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to annul a determination that terminated her employment with respondent Town of Penfield (Town). Petitioner's termination was based on charges of misconduct and insubordination arising from an incident in which petitioner took approximately $181 from a petty cash fund. At a Civil Service Law § 75 hearing, petitioner maintained that she intended only to borrow the money and to replenish the fund later, and it was undisputed that she left a note in the petty cash envelope indicating that she owed money to the fund. Nevertheless, the Hearing Officer found petitioner guilty of all four charges against her. Respondent Town Board of the Town of Penfield (Town Board) adopted the Hearing Officer's findings of guilt and terminated petitioner's employment.
We agree with petitioner that the determination of guilt on charges 1 and 2, which charged her respectively with theft and larceny, is not supported by substantial evidence. A person "commits larceny when, with intent to deprive another of property or to appropriate the same to him[- or her]self or to a third person, he [or she] wrongfully takes, obtains or withholds such property from an owner thereof" (Penal Law § 155.05 [1]). "Theft" is a synonym of "larceny" (Black's Law Dictionary 1780 [11th ed 2019]). We conclude that petitioner's actions, particularly the creation and placement of the note, are inconsistent with an intent to deprive or appropriate (see § 155.00 [3], [4]; People v Jennings, 69 NY2d 103, 119 [1986]). We therefore modify the determination by annulling that part finding petitioner guilty under charges 1 and 2. With respect to charges 3 and 4, which charged petitioner with violations of the Town's policies, petitioner's contention that the charges are not supported by substantial evidence of insubordination is not properly before us because it is not raised in the petition (see Matter of Alvarez v Fischer, 94 AD3d 1404, 1407 [4th Dept 2012]).
Further, in light of petitioner's 32 years of service to the Town, her impending retirement, and the absence of grave moral turpitude (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 235 [1974]; Matter of Grady v New York State Off. of Children & Family Servs., 39 AD3d 1157, [*2]1158-1159 [4th Dept 2007]), we conclude that the penalty of termination is " 'so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness' " (Pell, 34 NY2d at 233; see Matter of Ansley v Jamesville-DeWitt Cent. Sch. Dist., 174 AD3d 1289, 1291-1292 [4th Dept 2019], appeal dismissed 34 NY3d 942 [2019], reconsideration denied 34 NY3d 1035 [2019]). We therefore further modify the determination by vacating the penalty, and we remit the matter to the Town Board for imposition of an appropriate penalty less severe than termination (see Ansley, 174 AD3d at 1292; Matter of Harwood v Addison, 118 AD3d 1484, 1484-1485 [4th Dept 2014]).
Finally, we address in the interest of judicial economy petitioner's challenge to the legality of the penalty that was recommended by the Hearing Officer. As petitioner contends and respondents correctly concede, a six-month unpaid suspension is illegal (see Civil Service Law § 75 [3]).
All concur except Carni, J.P., and Curran, J., who dissent and vote to confirm in the following memorandum: We respectfully dissent and vote to confirm the determination in its entirety. In our view, the determination of petitioner's guilt with respect to charges 1 and 2 is supported by substantial evidence, i.e., by "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]; see generally Matter of Marentette v City of Canandaigua, 159 AD3d 1410, 1412 [4th Dept 2018], lv denied 31 NY3d 912 [2018]). Specifically here, contrary to the conclusion of the majority, we conclude that there was evidence from which a reasonable mind could conclude that petitioner did not intend to return the funds taken. Considering all four of the charges sustained against petitioner, we further conclude that the penalty of termination is not "so disproportionate to the offense[s] as to be shocking to one's sense of fairness" and thus does not constitute an abuse of discretion as a matter of law (Marentette, 159 AD3d at 1412 [internal quotation marks omitted]).
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court