■ In the Matter of DAVID VAN SLYKE, Petitioner, v JOHN A. JOHNSON, as Commissioner of New York State Office of Children and Family Services, et al., Respondents. [789 NYS2d 785]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [Andrew V. Siracuse, J.], entered May 2, 2003) to review a determination of respondent John A. Johnson, Commissioner, New York State Office of Children and Family Services. The determination denied petitioner's request to amend and seal an "indicated" report against petitioner maintained at respondent New York State Central Register of Child Abuse and Maltreatment.

It is hereby ordered that the determination be and the same hereby is unanimously annulled on the law without costs and the matter is remitted to respondent John A. Johnson, Commissioner, New York State Office of Children and Family Services, for further proceedings in accordance with the following memorandum: In this CPLR article 78 proceeding transferred to this Court pursuant to CPLR 7804 (g), petitioner seeks review of a determination of respondent John A. Johnson, Commissioner of the New York State Office of Children and Family Services (Johnson), denying his request pursuant to Social Services Law § 422 (8) to amend and seal an "indicated" report against him maintained at respondent New York State Central Register of Child Abuse and Maltreatment (Central Register). The record reveals that a hearing was conducted by an administrative law judge (ALJ) on December 10, 2001, but the determination was issued by an official of the Bureau of Special Hearings on October 3, 2002. Although the record contains two documents entitled "Decision After Hearing," identical in every way except that one of them has handwritten on its cover page "ALJ Recommended Draft," the "ALJ Recommended Draft" is unsigned and therefore does not suffice as a recommendation from the ALJ who conducted the hearing. Because it was the ALJ who had the opportunity to weigh the conflicting testimony and assess the credibility of the witnesses, and not the official in the Bureau of Special Hearings who issued the determination, petitioner was necessarily prejudiced by the procedure employed in this case.

Where an administrative officer makes a determination, due process and fairness require that the officer consider and appraise the evidence (*see Matter of Joyce v Bruckman*, 257 App Div 795, 797-798 [1939], *appeal dismissed* 284 NY 736 [1940]). Because the determination in this case turns almost entirely on the credibility of the witnesses, we conclude that the procedure employed denied petitioner due process and warrants an annulment of the determination (*see Matter of General Motors Corp.—*

*Delco Prods. Div. v Rosa,* 82 NY2d 183, 188 [1993]). We therefore annul the determination and remit the matter to Johnson for a de novo hearing on the request of petitioner to amend and seal the Central Register's "indicated" report against him (*see Matter of LePore v McCall,* 262 AD2d 919, 920 [1999]). Present—Pigott, Jr., P.J., Pine, Kehoe, Gorski and Martoche, JJ.