■ In the Matter of MAUDE V., Petitioner, v NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES, Respondent. [905 NYS2d 676]—

McCarthy, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent which denied petitioner's application to have a report maintained by the Central Register of Child Abuse and Maltreatment amended to be unfounded and expunged.

On September 21, 2003, petitioner's son (born in 1986) left their apartment after he and petitioner got into an argument. He returned, but petitioner locked the door and denied him admission. After he broke a window and entered the home to get something to eat, petitioner and her landlord demanded that the son leave and the landlord physically forced him out of the apartment. A State Trooper located the son nearby and brought him home, but petitioner and the landlord insisted that he was not welcome there. The Trooper then took the son to his sister's home for the night. Petitioner did not offer to let her son return home, refused to allow him to retrieve his belongings and moved into a smaller apartment where there would be no room for him. Several days after the initial incident, the son reported to the school nurse that he had nowhere to go after school and was basically homeless.

The nurse reported the situation to the Central Register of Child Abuse and Maltreatment. The Clinton County Department of Social Services conducted an investigation and indicated the report for inadequate guardianship. After respondent denied petitioner's request that the report be amended to unfounded, she requested an expungement hearing (see Social Services Law § 422 [8]). Following that hearing, the designee of the Commissioner of Children and Family Services again denied petitioner's request and determined not to amend the report. Petitioner then commenced this proceeding. Supreme Court (McGill, J.) dismissed several causes of action and transferred the remaining portion of the proceeding to this Court, seeking annulment of respondent's determination (see CPLR 7804 [g]).

We reject petitioner's contention that she was denied due pro-

cess as a result of the determination being issued by someone other than the Administrative Law Judge who presided at the hearing. Regulations require that expungement hearings be presided over by impartial hearing officers employed by respondent for that purpose (*see* 18 NYCRR 434.6 [a]), but determinations after such hearings must be made by the Commissioner, or a staff member designated by the Commissioner, who must render a decision "based exclusively on the record of the hearing" (18 NYCRR 434.11 [a]). That procedure, which was followed here, is appropriate (*see Matter of Theresa G. v Johnson*, 26 AD3d 726, 727 [2006]; *Matter of David C. v New York State Dept. of Social Servs.*, 203 AD2d 964, 965 [1994]; *see also Matter of Seemangal v New York State Off. of Children & Family Servs.*, 49 AD3d 460, 460-461 [2008]). In any event, the Commissioner's designee wholly adopted the proposed decision of the Administrative Law Judge, which is included in the record (*compare Matter of Van Slyke v Johnson*, 15 AD3d 958, 959-960 [2005]).

We cannot ascertain whether the determination is supported by substantial evidence because the hearing transcript is incomplete. Much of petitioner's testimony is missing and the testimonies of other witnesses contain large gaps. "The absence of a potentially significant portion of the transcript precludes meaningful review" (*Matter of La Van v New York State Dept. of Correctional Servs.*, 47 AD3d 1153, 1153 [2008] [citations omitted]). Accordingly, we remit the matter for a new hearing (*see Matter of Huston v Bezio*, 69 AD3d 1259, 1260 [2010]).

Cardona, P.J., Peters, Spain and Egan Jr., JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.