■ In the Matter of AMAL MALAK, Petitioner, v STATE OF NEW YORK et al., Respondents. [985 NYS2d 5]—

Determination of respondent New York State Office of Children and Family Services, dated March 20, 2012, which revoked petitioner's group family day care home license, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Alexander W. Hunter, J.], entered December 11, 2012), dismissed, without costs.

The determination to revoke petitioner's group family day care license is supported by substantial evidence that petitioner committed the six violations with which she was charged and that such violations placed the health, safety and welfare of the children in imminent danger (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]; *Clarke v New York State Off. of Children & Family Servs.*, 91 AD3d 489 [1st Dept 2012]). Petitioner admittedly exceeded the maximum licensed capacity by three pre-school aged children (18 NYCRR 416.15 [a] [4]) and stalled the inspection while attempting to conceal the additional children by bringing them to the home of a neighbor, who was not an approved caregiver, while leaving the remaining children with one assistant (18 NYCRR 416.15 [a] [10]; 416.8 [a]). In addition, petitioner

initially denied the existence of the additional children, and only admitted that she had taken them next door and retrieved them after the inspector confronted her and demanded that the children be returned. There is also evidence establishing that petitioner aggravated the circumstances by attempting to bribe the inspector. These actions support respondent's finding that petitioner is not capable of providing safe and suitable care (18 NYCRR 416.13 [a] [3]), does not possess good character and habits (18 NYCRR 416.15 [a] [6]), and failed to comply with the regulations (18 NYCRR 416.15 [a] [1]).

There exists no basis to disturb the Administrative Law Judge's credibility determinations (see Matter of Berenhaus v Ward, 70 NY2d 436, 443-444 [1987]). The penalty of license revocation imposed by the ALJ does not shock the conscience (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974]).

The existence of intermittent gaps in the record created by inaudible portions of the hearing transcript did not deprive petitioner of her right to meaningful review of the record (see Matter of Rodriguez v Coughlin, 167 AD2d 671 [3d Dept 1990]; cf. Matter of Maude V. v New York State Off. of Children & Family Servs., 75 AD3d 691, 692 [3d Dept 2010]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, Manzanet-Daniels, Gische and Clark, JJ.