Matter of Watson v New York State Off. of Children & Family Servs. (2019 NY Slip Op 03792)





Matter of Watson v New York State Off. of Children & Family Servs.


2019 NY Slip Op 03792


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-00068
 (Index No. 4798/16)

[*1]In the Matter of Yolande Watson, petitioner,
v
New York State Office of Children and Family Services, respondent.


Lipman & Booth, LLC, New York, NY (Christopher Booth of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Linda Fang of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the designee of the Commissioner of the respondent, the New York State Office of Children and Family Services, dated March 21, 2016, which, after a hearing, affirmed a determination of the New York State Office of Children and Family Services to revoke the petitioner's license to operate a group family day care home.
ADJUDGED that the determination dated March 21, 2016, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
Contrary to the petitioner's contention, the determination that she violated certain regulations, including regulations pertaining to the supervision of children in her group family day care home, is supported by substantial evidence in the record (see Matter of Faponnle v New York State Off. of Children & Family Servs., 160 AD3d 950; Matter of Liddell v New York State Off. of Children & Family Servs., 117 AD3d 742; Matter of Singleton v New York State Off. of Children & Family Servs., 70 AD3d 706). There is no basis to disturb the credibility determinations of the administrative law judge (see Matter of Malak v State of New York, 116 AD3d 587).
SCHEINKMAN, P.J., DILLON, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court