Matter of Lopez v New York State Off. of Children & Family Servs. (2023 NY Slip Op 00955)

Matter of Lopez v New York State Off. of Children & Family Servs.

2023 NY Slip Op 00955

Decided on February 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 21, 2023

Before: Kapnick, J.P., Oing, Kennedy, Pitt-Burke, JJ. 

Index No. 150882/22 Appeal No. 17388 Case No. 2022-03070 

[*1]In the Matter of Cristina N. Lopez et al., Petitioners,
v
New York State Office of Children and Family Services, Respondent.

Law Office of Gregory P. Mouton, Jr., LLC, New York (Gregory Paul Mouton, Jr. of counsel), for petitioners.
Letitia James, Attorney General, New York (Kwame N. Akosah of counsel), for respondent.

Determination of respondent New York State Office of Children and Family Services (OCFS), dated November 29, 2021, which, after a hearing, suspended and revoked petitioner's license to operate a group family daycare, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Arlene P. Bluth, J.], entered May 2, 2022), dismissed, without costs.
Substantial evidence supports OFCS's determination to revoke petitioner's license on the grounds that she violated certain child day care regulations, thus placing the health, safety, and welfare of the children in imminent danger (see Malak v State of New York, 116 AD3d 587, 587 [1st Dept 2014]; Clarke v New York State Off. of Children & Family Servs., 91 AD3d 489, 489 [1st Dept 2012]). Petitioner does not dispute that a three-year-old child in her care walked out of her daycare onto the street, unsupervised by daycare staff, and was found by a stranger, who took him to a nearby police precinct. This incident, along with other findings made by OCFS during a later investigation, supports OCFS's determination that petitioner was unable to provide competent supervision (18 NYCRR 416.8[a]) or safe and suitable care (18 NYCRR 416.13[a][3]). Petitioner also admittedly failed to immediately inform the child's parents or OCFS of this serious incident (18 NYCRR 416.15[b][14][ii]) or report it to the State Central Register of Child Abuse and Maltreatment (18 NYCRR 416.10[b]).
The record presents no basis to disturb the Administrative Law Judge's credibility determinations (see Sewell v City of New York, 182 AD2d 469, 473 [1st Dept 1992], appeal denied 80 NY2d 756 [1992]). Furthermore, the revocation of petitioner's license under these circumstances is not a penalty that shocks the conscience (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale and Mamaroneck, Westchester County., 34 NY2d 222, 231 [1974]; Malak, 116 AD3d at 588).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 21, 2023